STATE OF NORTH CAROLINA v. LONNIE McLEOD, JR.

No. 7311SC249

(Filed 14 March 1973)

1. **Criminal Law § 43— facsimile of knife used in robbery — admission proper**

In a prosecution for robbery with a dangerous weapon, there was no prejudicial error in the admission of a knife into evidence where, at the time it was offered, the knife was described as a facsimile of the one used in the alleged robbery and where the knife was used by the victim of the robbery to illustrate and explain his testimony.

2. **Criminal Law § 88— cross-examination — invasion of province of jury**

The trial court did not err in sustaining the State's objection to a question on cross-examination of a State's witness as to whether testimony elicited from a prior State's witness was inconsistent with evidence presented by this witness since a conclusion concerning the consistency or inconsistency of various bits of testimony is a matter for the jury to determine and not for the witness.

3. **Robbery § 5— failure to instruct on lesser degree of crime — no error**

The trial court was not required to give an instruction on lesser included offenses in a prosecution for robbery with a dangerous weapon where there was no evidence to support such a charge.

APPEAL by defendant from *Braswell, Judge,* 23 October 1972 Session of Superior Court held in LEE County.

Defendant was indicted for and convicted of robbery with a dangerous weapon. He was sentenced to serve fifteen years imprisonment and was given credit for time served awaiting trial.

The State's evidence tended to show that at about 10:00 a.m. on 19 September 1972, defendant and two others entered W. P. Suggs' Army and Men's Store in Sanford and one, not the defendant, made some purchases. At about noon of the same day, defendant returned to the store, tried on a pair of pants and, at his request, was shown a knife with a four-inch blade. Defendant grabbed Mr. Suggs by the arm and, placing the knife to Mr. Suggs' throat, ordered him to remove $195.00 in cash from the cash register and place it in a paper sack. Suggs was then locked in a dressing room at the rear of the store where he remained some five or six minutes. In addition to the cash, it was determined that some articles of clothing were also missing. Defendant was seen coming from the direction of the store in question at about noon and was carrying "a couple of paper bags." Defendant was located by the police that same day and voluntarily went with them to the store where Mr. Suggs identified defendant and stated that defendant was wearing the stolen pants.

Defendant's evidence tended to show that he went to Suggs' store with two friends at about 10:00 a.m. on the date in question and that one friend purchased some clothing. Subsequently, the three men went to a market where one of defendant's friends purchased some wine and tomatoes. Defendant was given the wine and the bag of clothes to carry and was told to go to a particular location, which he did. Defendant stated that he drank some wine and that sometime after noon he went to a poolroom and then to two different houses. He fell asleep at the second house and was awakened by police officers and voluntarily went with them to Suggs' store where he was placed under arrest. He denied going to the store at noon and denied having tried on any clothing there.

*Attorney General Robert Morgan by Ralf F. Haskell, Associate Attorney for the State.*

*A. B. Harrington III for defendant appellant.*

VAUGHN, Judge.

[1]   Defendant objects to the introduction of a knife into evidence, arguing that the weapon had no direct connection with the alleged robbery and was inadmissible. The record discloses that, at the time it was introduced, the knife was described as a facsimile of the knife used in the alleged robbery. The knife

was used by the victim of the robbery to illustrate and explain his testimony and the jury was so instructed. No prejudicial error has been made to appear from the introduction of the knife in evidence.

Defendant next complains that the court erred in allowing testimony tending to show that articles of clothing were missing from the store as a result of the robbery when the indictment is silent as to such items. There is no merit to this argument.

[2] Defendant contends the court erred in sustaining the State's objection to a question on cross-examination of a State's witness. Defendant asked the witness whether testimony elicited from a prior State's witness was inconsistent with evidence presented by this witness. The question was improper. A conclusion concerning the consistency or inconsistency of various bits of testimony is a matter for the jury to determine and not for the witness. See *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755.

[3] Defendant also challenges the court's failure to instruct the jury that they might return a verdict of guilty of some lesser degree of the crime charged. The necessity for such an instruction arises only when there is evidence from which the jury could find that such included crime of lesser degree was committed. *State v. Carnes,* 279 N.C. 549, 184 S.E. 2d 235. The defendant's evidence tended to show that he committed no crime while the State offered evidence to the effect that defendant committed a completed robbery by the use of a dangerous weapon. There was no evidence that would warrant a finding that defendant was guilty of any other included offense of lesser degree. This and defendant's other assignments of error to the charge of the court are overruled.

No error.

Judges BROCK and GRAHAM concur.