STATE OF NORTH CAROLINA v. DWIGHT EVERETTE PHILLIPS AND BOBBY MILES

No. 7415SC991

(Filed 5 March 1975)

1. **Robbery § 2— indictments — ownership of property**
      Armed robbery indictments clearly negated the idea that defendants took their own property and were sufficient as to ownership.

2. **Robbery § 4— accomplice testimony — sufficiency of evidence for jury**
      Testimony of an accomplice was sufficient for submission to the jury on the issue of defendants' guilt of armed robbery.

**3. Criminal Law § 67— dialect of robbers**

    Robbery victim was properly permitted to testify that the men who robbed him "sounded like black people talking, that was as much identification as I could tell."

**4. Searches and Seizures § 3— confidential informant — insufficiency of affidavit for warrant**

    Officer's affidavit based on information received from a confidential informant was insufficient to support issuance of a warrant to search defendant's car for a pistol taken in a robbery where it contained no circumstances underlying the informant's belief that the stolen pistol would be found in defendant's car.

**5. Searches and Seizures § 2— consent to search — acquiescence in search**

    Defendant did not consent to a search of his car but only acquiesced in the search where officers told defendant after they arrested him that they had a warrant to search his car and he told them to go ahead.

**6. Criminal Law § 84— illegally seized weapons — prejudice to codefendant**

    Although a codefendant in an armed robbery case had no standing to object to an illegal search of defendant's car, the codefendant was prejudiced by the State's references to weapons seized during the illegal search, and is entitled to a new trial, where there was no evidence that the weapons were used to commit the robbery and the court did not instruct the jury that weapons taken from defendant's car were not to be considered with respect to the codefendant.

APPEAL by defendants from *Brewer, Judge*. Judgments entered 16 August 1974 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 13 February 1975.

    Defendants were charged in bills of indictment with armed robbery. Both men pleaded not guilty, and the cases were consolidated for trial. Clifton Snyder testified that on the night of 21 March 1974 John Virgil Hodgins, a former employee, came to his house and told him he had two friends outside waiting to talk to Snyder about renting a pool table and a music machine. Snyder and Hodgins went downstairs to Snyder's basement, and Hodgins stepped outside to summon his friends. He returned and was followed by two men with stockings over their heads and guns in their hands. Snyder was ordered to open the safe but was unable to do so. He left his wallet on the desk and was taken into a back room and tied up. When he got loose the men were gone, along with a .38 caliber pistol from the desk and money from the wallet.

    John Virgil Hodgins testified that on the night of 21 March 1974 he was drinking beer and shooting pool with Dwight Phil-

lips. They went to Phillips' house to see his mother's new car and returned to the poolroom where they met Bobby Miles. Miles talked about opening a business of his own, and Phillips mentioned renting equipment from Snyder. The three men left in Miles's car for Snyder's house. Hodgins went in first and later motioned to the others to come into the basement. The robbery thereafter took place as Snyder described it. Defendants then drove away, put Hodgins out on Interstate 85, and handed him some money. Hodgins was arrested in Durham two days later.

On 25 March 1974 law enforcement officers obtained warrants for the arrest of Phillips and the search of his car. In the car they found two pistols, neither of which matched the description of the gun taken from Mr. Snyder. After a *voir dire* hearing, the trial court found that the search warrant was valid and that Phillips consented to the search after the warrant was read to him. Miles was not arrested until 9 May 1974.

Both Phillips and Miles testified to being elsewhere at the time of the robbery. Each defendant offered witnesses with corroborative testimony concerning his whereabouts. The court instructed on the elements of robbery with a firearm, the defense of alibi, and the jury's duty to scrutinize closely the testimony of Hodgins, who was under indictment as an accomplice to the robbery. The jury found both defendants guilty as charged. From judgments imposing sentences of 20 to 30 years' imprisonment, defendants appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Rafford E. Jones, for the State.*

*Ross, Wood & Dodge, by B. F. Wood, for defendant appellant Dwight Everette Phillips.*

*Fred Darlington III for defendant appellant Bobby Miles.*

ARNOLD, Judge.

In order to preserve all objections on appeal, both defendants have assigned error to the wording of the indictments, the denial of their motions for nonsuit, and the court's instructions to the jury. We have examined the record and conclude that these assignments are without merit.

[1, 2] The indictments clearly negate the idea that defendants took their own property and therefore are sufficient as to owner-

ship. *See State v. Ballard,* 280 N.C. 479, 186 S.E. 2d 372 (1972) ; *State v. Mason,* 279 N.C. 435, 183 S.E. 2d 661 (1971) ; *State v. Fountain,* 14 N.C. App. 82, 187 S.E. 2d 493 (1972). Viewed in the light most favorable to the State, the testimony of John Virgil Hodgins constituted a sufficient basis for finding that a crime was committed and that defendants committed it. *See State v. Mason, supra; State v. Terry,* 278 N.C. 284, 179 S.E. 2d 368 (1971). *See generally* 6 Strong, N. C. Index 2d, Robbery § 4, pp. 682-83. The trial court did not err in overruling their motions for nonsuit. In instructing the jury, the court properly recapitulated Hodgins' corroborative testimony. The court is not required to instruct on lesser included offenses when there is no evidence to support the charge. *State v. McLeod,* 17 N.C. App. 577, 194 S.E. 2d 861 (1973) ; *State v. Hailstock,* 15 N.C. App. 556, 190 S.E. 2d 376, *cert. denied* 281 N.C. 760, 191 S.E. 2d 363 (1972).

[3] Defendant Phillips further contends that the trial court erred in permitting Clifton Snyder to testify that the men who robbed him "sounded like black people talking, that was as much identification as I could tell." We disagree. Mr. Snyder did not purport to identify his assailants by race. He merely testified as to the dialect he heard. Moreover, he later stated that he did not know whether they were black or white. Defendant's objection to his testimony was properly overruled.

[4] Turning now to Phillips' objection to the State's evidence concerning handguns found in his automobile, we hold that the search was illegal and the testimony was inadmissible against him. The trial court's finding of fact that the search warrant was valid is not supported by the evidence. A warrant based on hearsay information must disclose the basis for the informant's beliefs as well as the basis for the officer's reliance on the informant. *Jones v. United States,* 362 U.S. 257 (1960) ; *State v. Campbell,* 282 N.C. 125, 191 S.E. 2d 752 (1972) ; *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881 (1971). *See also Spinelli v. United States,* 393 U.S. 410 (1969) ; *Aguilar v. Texas,* 378 U.S. 108 (1964). In the instant case, the affidavit attached to the warrant reads in part as follows: "The facts which established probable cause for the issuance of the search warrant are as follows: Received information from a reliable informer that Dwight Phillips took the thirty-eight caliber pistol, Serial No. D-230342 during the armed robbery of Cliff Snyder. 2920 Maple Avenue, Burlington, N. C. on March 21, 1974. The informer has

given information in the past which has proven to be correct and has resulted in conviction." This warrant is totally devoid of any information as to the circumstances underlying the informant's belief that Clifton Snyder's .38 caliber pistol would be found in Phillips' car. It is insufficient as a matter of law to support an issuing magistrate's independent finding of probable cause. *See State v. Edwards,* 286 N.C. 162, 209 S.E. 2d 758 (1974).

**[5]** The State contends, however, that Phillips consented to the search and the trial court so found. Again, this finding is not supported by the evidence. The burden is on the State to show by clear and convincing evidence that consent to search was given freely and voluntarily. *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971), *cert. denied* 414 U.S. 874 (1973). Testimony on *voir dire* hearing tended to show that, after they arrested him at the Annedeen Hosiery Mill, the officers told Phillips they had a warrant to search his car. He then told them to go ahead. The United States Supreme Court has held that under such circumstances there is no consent but only acquiescence. *Bumper v. North Carolina,* 391 U.S. 543 (1968). Nor was the search valid as being incident to an arrest. *See Coolidge v. New Hampshire,* 403 U.S. 443 (1971). The State having failed to show otherwise, we hold that Phillips did not freely and voluntarily consent to the search of his automobile. The search therefore was invalid, and testimony concerning items thereby obtained was inadmissible against this defendant. He is entitled to a new trial.

**[6]** Defendant Miles, conceding that he lacks standing to object to the search of Phillips' vehicle, nevertheless contends that he was prejudiced by the State's repeated references to the illegally obtained evidence and also is entitled to a new trial. The exclusionary rule has not been extended to codefendants. *Alderman v. United States,* 394 U.S. 165 (1969). Unlike the victim of the illegal search this defendant has the burden of showing prejudicial effect.

While defendant has failed to point this out in his brief, we believe the record speaks for itself. The State offered no evidence to indicate that the weapons found in Phillips' car were used to commit the robbery. The stolen weapon was never found. Moreover, the trial court did not instruct the jury that the weapons taken from Phillips were not to be considered with

respect to Miles. The cumulative effect was so potentially preju-
dicial as to require that this defendant also be given a new trial.

As to both defendants, new trial.

Judges BRITT and MORRIS concur.