STATE OF NORTH CAROLINA v. KEITH EDWARD MILLER

No. 7924SC353

(Filed 17 July 1979)

1. **Criminal Law § 91— failure of district attorney to file calendar week before session began**

Defendant was not prejudiced by the fact that the district attorney filed the calendar of cases to be tried six days before the beginning of the session of court rather than a full week before the session began as required by G.S. 7A-49.3(a), especially where defendant was not tried until a week after the calendar was filed.

2. **Criminal Law § 91.5— motion for continuance—indictment seven days before trial**

The trial court properly denied defendant's motion for continuance made on the ground that the indictment had been returned only seven days prior to the trial where a warrant for defendant's arrest was issued on 23 July 1978;

State v. Miller

counsel was appointed to represent defendant on 14 November 1978; the State announced on 5 December 1978 that it would not proceed with a probable cause hearing but would seek a bill of indictment on 11 December 1978; the indictment was returned on 11 December; and defendant showed no prejudice in the denial of his motion.

**3. Indictment and Warrant § 5— notice of return of indictment**
    Defendant was not entitled to notice of the return of a true bill of indictment pursuant to G.S. 15A-630 where he was then represented by counsel.

**4. Larceny § 4— indictment—felonious intent**
    A larceny indictment alleging that defendant "unlawfully and willfully did feloniously steal, take, and carry away one ladies purse containing approximately $300 in money" was sufficient without alleging a felonious intent to appropriate the goods taken to defendant's own use; moreover, the word "steal" as used in the indictment encompassed and was synonymous with "felonious intent."

**5. Criminal Law § 46.1— discovery of defendant in another state**
    An officer's testimony concerning his efforts to find defendant and the subsequent discovery of defendant in Florida was competent in this larceny case.

**6. Larceny § 7— sufficient evidence of larceny**
    The State's evidence was sufficient for the jury in a prosecution for felonious larceny where it tended to show that the prosecutrix and her husband experienced car trouble; defendant offered to help them repair their car; the prosecutrix's purse containing over $300 was on the front seat of the car; while defendant was working on the engine of the car, the prosecutrix and her husband left to obtain parts for the car; and when they returned the defendant, the purse and the money were gone.

APPEAL by defendant from *Howell, Judge.* Judgment entered 21 December 1978 in Superior Court, WATAUGA County. Heard in the Court of Appeals 29 June 1979.

The defendant was indicted and tried for felonious larceny. Upon his plea of not guilty, the jury returned a verdict of guilty of felonious larceny. From judgment sentencing him to imprisonment for ten years, the defendant appealed.

In pretrial motions, the defendant's attorney moved for a continuance and moved to quash the indictment, both of which motions were denied.

The State's evidence tended to show that on 22 July 1978, Alma and James Scott, while on a vacation trip, experienced car trouble near Boone and pulled into a service station. The defend-

ant volunteered to assist them in determining the problem with their automobile. The defendant told the Scotts that new automobile parts were needed and Mr. Scott went across the street to an auto parts store to buy a new set of points. The money to buy the points was taken by Mr. Scott from Mrs. Scott's purse, in the presence of the defendant.

Upon Mr. Scott's return with the new points, the defendant told the Scotts that a larger set of points was needed and Mrs. Scott went back to the automobile parts store to exchange the smaller set of points. Mrs. Scott left her purse on the front seat of the car. The purse contained over $300, a J. C. Penney's credit card, and other personal belongings.

After a considerable delay, Mr. Scott went to the parts store to determine why his wife had not returned. Upon the Scotts' arrival back to the car several minutes later, they discovered that the defendant was gone and had left his tools at the car. Furthermore, the doors of the automobile were open and Mrs. Scott's purse was gone.

Mr. Scott remembered that the defendant wore a belt upon which the name "Keith" was inscribed. Mr. Scott asked people at the service station after the defendant had left what the defendant's full name was.

Officer Bill Baker testified over objection that he located the defendant in Florida on 13 November 1978.

The defendant offered evidence tending to show that on 22 July 1978 he stopped at a service station to get milk for his infant child. He helped the Scotts with their automobile, told them to go across the street to buy a new set of points and to get a screwdriver, and later told them to exchange the smaller set of points for a larger set. He denied, however, seeing Mrs. Scott's purse or stealing it. He grew tired of waiting for the Scotts to return from the automobile parts store and left, leaving only an old "piece of pliers." The defendant was told by his sister in early August that his name was in the Boone paper for stealing Mrs. Scott's purse, but the defendant did not call the authorities to straighten the matter out.

Other relevant facts are hereinafter set forth.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Robert H. West for the defendant appellant.*

MITCHELL, Judge.

The defendant first assigns as error the trial court's denial of his motion for a continuance. The defendant argues that the return of the indictment only seven days prior to trial did not leave him sufficient time to prepare his defense or to file a motion for discovery. Defendant argues that G.S. 7A-49.3(a) and G.S. 15A-630 were violated by the denial of his motion to continue.

G.S. 7A-49.3(a) provides in pertinent part: "At least one week before the beginning of any session of the superior court for the trial of criminal cases, the solicitor shall file with the clerk of superior court a calendar of the cases he intends to call for trial at that session."

In this case, the indictment was returned on 11 December 1978 and the case set for trial during the 18 December criminal session of superior court. The case was heard on 19 December. The calendar for the session was filed on 12 December with the Clerk of Superior Court of Watauga County.

The defendant first argues that the 18 December session of court was a continuation of the 11 December session. Therefore, the calendar should have been prepared seven days prior to 11 December. It is clear from the record, however, that the 18 December session was a special session by order of the Chief Justice and this argument is rejected.

[1] The defendant next argues that the calendar should have been filed "at least one week before the beginning of the session," that is, by 11 December. We do not believe that the one day delay constituted prejudicial error to the defendant. He was not tried until 19 December, a full week after the calendar had been filed. The defendant had ample notice of his trial date.

[2] A warrant for the defendant's arrest was issued on 23 July 1978. On 14 November 1978, counsel was appointed to represent the defendant. The case was calendared in district court for a probable cause hearing on 5 December 1978, at which time the

State announced that it would not proceed with the hearing. The State further announced at that time that it was the State's intention to seek a bill of indictment on 11 December 1978.

For a defendant to be entitled to a new trial because his motion to continue was denied, he must show both that there was error in the denial and that he was prejudiced thereby. *State v. Robinson*, 283 N.C. 71, 194 S.E. 2d 811 (1973); 4 Strong's N.C. Index 3d, Criminal Law § 91.1, p. 443. The defendant in this case has neither alleged nor shown any prejudice in the denial of his motion.

[3] The defendant further contends that the provisions of G.S. 15A-630, requiring notice to the defendant upon the return of a true bill of indictment, were violated. A reading of the statute, however, reveals that its provisions are applicable to defendants "*unless* [they are] then represented by counsel of record." (Emphasis added) Counsel was appointed for the defendant in this case on 14 November 1978 and the bill of indictment was returned on 11 December 1978. Clearly, defendant was not entitled to the benefits of the notice requirement of G.S. 15A-630, and this argument is therefore without merit.

[4] The defendant next assigns as error the trial court's denial of his motion to quash the indictment. Defendant argues that the indictment is fatally defective because it fails to state a felonious intent to appropriate the goods taken to the defendant's own use.

In the indictment in the present case, it is alleged that the defendant "unlawfully and willfully did feloniously steal, take, and carry away one ladies purse containing approximately $300 in money." This Court held in *State v. Wesson*, 16 N.C. App. 683, 193 S.E. 2d 425 (1972), *cert. denied*, 282 N.C. 675, 194 S.E. 2d 155 (1973), that it is not necessary in a larceny warrant to allege that the defendant intended to convert the property to his own use. Moreover, the word "steal" as used in the warrant encompassed and was synonymous with "felonious intent." The language of the indictment in the present case is nearly identical to the language of the warrant in *Wesson*. This assignment of error is overruled.

[5] The defendant next argues that the trial court erred in allowing into evidence the testimony of Officer Baker. The defendant contends that Officer Baker's description of his efforts to find the

defendant in Florida inflamed the jury, led the jury to believe the defendant was guilty, and was irrelevant.

Officer Baker was clearly competent to testify about those facts within his personal knowledge. The probative value of the testimony was a question for the jury. 1 Stansbury's N.C. Evidence § 8, p. 17 (Brandis rev. 1973). *See also State v. McLeod*, 17 N.C. App. 577, 194 S.E. 2d 861 (1973). Evidence of the officer's investigation and the defendant's subsequent discovery in Florida was certainly relevant. Relevant evidence should not be excluded "simply because it may tend to prejudice the opponent or excite sympathy for the cause of the party who offers it." 1 Stansbury's N.C. Evidence § 80, p. 242 (Brandis rev. 1973). *See State v. Branch*, 288 N.C. 514, 220 S.E. 2d 495 (1975), *cert. denied*, 433 U.S. 907, 53 L.Ed. 2d 1091, 97 S.Ct. 2971 (1977). This assignment of error is overruled.

The defendant also assigns as error the trial court's denial of his motion for a directed verdict. A motion for a directed verdict is a challenge to the sufficiency of the evidence to sustain a conviction and as such, it should be treated as a motion to dismiss or a motion for judgment as in case of nonsuit. *State v. Livingston*, 35 N.C. App. 163, 241 S.E. 2d 136 (1978). In ruling on those motions, the trial court must determine whether a reasonable inference of the defendant's guilt may be drawn from the evidence. *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979). If there is substantial evidence which would support a reasonable inference of the defendant's guilt, then the trial court must deny such a motion. *Id.*

[6] In the present case, the evidence tends to show that the defendant was working on the engine of the Scotts' automobile. Mrs. Scott's purse was on the front seat of that automobile. Mr. and Mrs. Scott left the automobile for a short time and when they returned, both Mrs. Scott's purse and the defendant were gone. That evidence is sufficient to show that the defendant committed the crime charged and the defendant's assignment of error is therefore overruled.

In the trial below, we find

No error.

Judges CLARK and ERWIN concur.