STATE OF NORTH CAROLINA v. REGGIE BENFIELD

No. 8127SC454

(Filed 5 January 1982)

**1. Criminal Law § 22— arraignment—sufficiency of showing in record—waiver**

The record sufficiently showed that defendant was properly arraigned where it stated that defendant appeared with his counsel in open court and was duly arraigned by the assistant district attorney reading the charges to him, whereupon he pled not guilty, it not being necessary for the charges read to defendant to appear in the record. Furthermore, defendant effectively waived further arraignment by an oral waiver on the day of trial since no written waiver was required by G.S. 15A-945 when the waiver occurred at such time.

**2. Criminal Law § 15— venue transferred—trial in county of indictment—absence of prejudice—waiver of objection to venue**

Where defendant was indicted in Cleveland County for a breaking and entering and larceny which occurred in that county, and a superior court judge ordered the matter transferred to Iredell County, defendant was not prejudiced when he was thereafter tried on the indictment in Cleveland County without an order transferring the case back to Cleveland County. Moreover, venue in Cleveland County became conclusive when defendant failed to move to dismiss for improper venue pursuant to G.S. 15A-952, and the transfer of venue was not required by G.S. 15A-133(a) to be in writing and signed by defendant and the prosecutor. G.S. 15A-135.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 12 December 1979 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 19 October 1981.

The evidence shows that a Cleveland County grand jury on 29 December 1978 returned an indictment against defendant for

breaking and entering and larceny. On 31 January 1979, Superior Court Judge J. W. Jackson entered an order transferring the matter from Cleveland County to Iredell County, where defendant faced a burglary charge. Venue was transferred so that the matters pending against defendant in both counties could be consolidated and disposed of upon a plea of guilty, and so that defendant could be a witness for the state in other cases in Iredell County. Defendant did not appear for trial in Iredell County. He was tried on the breaking and entering and larceny charges in Cleveland County, was found guilty, and judgment was entered on 12 December 1979. Defendant appeals from an order of imprisonment.

*Attorney General Edmisten, by Special Deputy Attorney General and Special Assistant to the Attorney General David S. Crump, for the State.*

*Kennedy, Church, Young and Paksoy, by William C. Young, for defendant appellant.*

MORRIS, Chief Judge.

[1] Defendant alleges that the trial court committed error by failing to arraign him in accordance with G.S. 15A-941. We find, however, that defendant was properly arraigned. The record reflects:

> . . . the defendant appeared with his counsel in open court and was duly arraigned by the Assistant District Attorney reading the charges against him, whereupon, he pleaded not guilty.

Defendant argues that charges read to a defendant must appear in the record. We disagree.

> Defendant, as appellant, has the burden on appeal to show that error was made. We will not presume that G.S. 15A-941 was not complied with when the record shows that an arraignment took place and defendant, duly represented by counsel, entered a plea of not guilty. If defendant was not properly informed of the charges against him at arraignment, it was his duty to object at that time and to have appropriate entries made in the record to show the basis for the objection.

*State v. Small,* 301 N.C. 407, 430-31, 272 S.E. 2d 128, 142-43 (1980). Defendant's counsel indicated that defendant had been previously arraigned in Cleveland County and entered a plea of not guilty. Further, there is no evidence that defendant either objected or made appropriate entries in the record at the original arraignment or at the proceedings upon remand to Cleveland County, where arraignment was waived. Defendant contends that the waiver, which was oral, did not comply with G.S. 15A-945. That statute provides:

> A defendant who is represented by counsel and who wishes to plead not guilty may waive arraignment prior to the day for which arraignment is calendared by filing a written plea, signed by the defendant and his counsel.

Defendant waived arraignment on the day of trial. Hence there was no need to submit a written waiver and G.S. 15A-945 is inapplicable.

Even were we to find that no arraignment had been conducted, failure of the record to show a formal arraignment does not entitle defendant to a new trial where the record indicates that defendant was tried as if he had been arraigned and had entered a plea of not guilty, as is the situation here. *State v. Smith,* 300 N.C. 71, 265 S.E. 2d 164 (1980); *State v. McCotter,* 288 N.C. 227, 217 S.E. 2d 525 (1975). "In this case there can be no doubt either that defendant was fully aware of the charge against him or that he was in nowise prejudiced by the omission of a formal arraignment—if indeed it was omitted." *Id.,* p. 234.

[2] Defendant further contends that his trial was erroneously conducted, to his prejudice, in Cleveland County. He points out that Judge Jackson entered an order directing that the trial take place in Iredell County, but that there was no order transferring the case back to Cleveland County. Defendant alleges that the record does not reveal a waiver of venue as set forth in G.S. 15A-133. We find no error in either regard and deem that venue was proper.

Venue for trial proceedings in cases within the original jurisdiction of the superior court lies in the county where the offense occurred. G.S. 15A-131(c). The breaking and entering and larceny charges were brought in Cleveland County based upon a

criminal occurrence in that county. Thus, we are not persuaded that defendant suffered prejudice by having been tried in Cleveland County. Venue "does not affect the question of a defendant's guilt or the power of the court to try him." *State v. Batdorf,* 293 N.C. 486, 496, 238 S.E. 2d 497, 504 (1977). Moreover, defendant failed to move to dismiss for improper venue as per G.S. 15A-952, hence, venue in Cleveland County became conclusive. G.S. 15A-135.

Defendant is mistaken in espousing that a transfer of venue must be in writing and signed by the defendant and the prosecutor. G.S. 15A-133(a) applies when there is a voluntary change of venue with the consent of all parties, according to the official commentary, and applies only to "a particular proceeding or stage of the proceedings rather than the more unusual change of venue for all subsequent stages of a proceeding."

In the defendant's trial, particularly the matters of arraignment and venue, we find

No error.

Judges ARNOLD and BECTON concur.