STATE OF NORTH CAROLINA v. ULLMAN LEE GINN

No. 828SC153

(Filed 16 November 1982)

1. **Constitutional Law § 30; Indictment and Warrant § 5— notice of return of indictment—effect on discovery rights**

   G.S. 15A-630 did not require that a defendant represented by counsel or his counsel be served with notice of the return of a true bill of indictment, and failure of counsel to receive such notice did not prejudice defendant's discovery rights.

2. **Constitutional Law § 30; Criminal Law § 22— failure of record to show arraignment—no effect on discovery rights**

   Failure of the record to show a formal arraignment prior to trial does not entitle the defendant to a new trial where the record indicates that defendant was tried as if he had been arraigned and had entered a plea of not guilty. Furthermore, the arraignment of defendant was totally unrelated to the exercise of his discovery rights. G.S. 15A-902(d).

3. **Bills of Discovery § 6; Constitutional Law § 30— State's witnesses—expected testimony—pretrial disclosure not required**

   The State is not required to disclose the names of its prospective witnesses or the expected testimony from those witnesses.

4. **Constitutional Law § 30— exculpatory evidence—failure of prosecutor to disclose—absence of prejudice**

   Even if the fact that a State's witness had been indicted in the same matter and granted a plea concession in return for his testimony was exculpatory so as to require the prosecutor voluntarily to disclose such fact to defense counsel, defendant was not prejudiced by the failure of the prosecutor to do so where a copy of the plea agreement was provided defense counsel at trial and the witness was cross-examined about the agreement.

5. **Bills of Discovery § 6; Constitutional Law § 30— failure to give advance notice of plea agreement with witness—absence of prejudice**

   Failure of the State to give defense counsel advance written notice of a plea arrangement with an accomplice who testified for the State as required by G.S. 15A-1054(c) was not prejudicial to defendant where defense counsel waived the right to compel the granting of a recess as permitted by the statute, and where the State ultimately provided defense counsel with a written copy of the plea agreement which was used in cross-examining the accomplice.

6. **Constitutional Law § 48— effective assistance of counsel**

   Defendant was not denied the effective assistance of counsel because his counsel failed to conduct pretrial discovery.

State v. Ginn

7. **Constitutional Law § 28— due process—no knowing use of perjured testimony**

In a prosecution for possession and sale of marijuana, there was no merit to defendant's contention that he was denied due process on the ground that the State used the perjured testimony of an accomplice because the accomplice falsely stated on cross-examination that he had not previously been convicted of any drug related offenses where any harm resulting from the accomplice's false statement was dispelled by his further testimony on cross-examination that he had pled guilty to felonious possession of marijuana pursuant to a plea arrangement with the State, and where a copy of such plea arrangement was then provided to defense counsel.

8. **Narcotics § 4.2— possession of marijuana with intent to sell—sale of marijuana—sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution of defendant for possession of marijuana with the intent to sell and deliver and for the sale and delivery of marijuana where it tended to show that two undercover agents asked defendant's accomplice to obtain marijuana for them; the accomplice and defendant began to look for marijuana for the agents; the accomplice eventually arranged a drug buy; following the accomplice's instructions, the agents proceeded to a remote rural intersection where they met with the accomplice; the accomplice departed to check with his source of marijuana; in the interim the defendant drove up and asked the agents where the accomplice was; defendant was not known to the agents and had no apparent reason to know that they were waiting for or knew the accomplice; defendant left and the accomplice returned later to lead the agents to a remote trailer in the woods; the arrangement was that only the accomplice would transfer the marijuana while his source and his partner watched from a nearby Jeep; three bags of marijuana were then sold and delivered by the accomplice to the agents; and defendant and another person were arrested within 100 yards of the transaction.

9. **Criminal Law § 143.8— probation revocation—evidence in trial for which conviction appealed**

The trial court could properly revoke defendant's probation based upon evidence presented before the court in a trial in which defendant was convicted and appealed.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 21 November 1980 in Superior Court, GREENE County. Heard in the Court of Appeals 15 September 1982.

Defendant, Ullman Lee Ginn, was indicted for possession of more than one ounce of marijuana with intent to sell and deliver, and for the sale and delivery of more than one ounce of marijuana. Defendant was convicted of those offenses and given a consolidated sentence of one to five years in prison in Causes Nos. 80CrS85 and 80CrS86. Notice of appeal to the Court of Appeals

was given. A previous suspended sentence in Cause No. 79CrS265 was revoked on the basis of testimony in Causes Nos. 80CrS85 and 80CrS86. The sentence imposed in these latter two cases runs consecutively with the sentence imposed in 79CrS265. Notice of appeal was then given in open court. Defendant's trial counsel failed to perfect the appeal in apt time. The State moved to dismiss the appeal. A hearing was held on the State's motion, at which time defendant's counsel stated that defendant had abandoned appeal in 80CrS85 and 80CrS86. At this point, the appeal was dismissed.

Defendant obtained different counsel and filed a motion for appropriate relief in Superior Court, Greene County, seeking relief from the verdict and sentence on the ground that defendant failed to receive effective assistance of counsel. Defendant alleged that he believed at all times that the matter had been perfected and awaited determination by the North Carolina Court of Appeals. Defendant further alleged that he paid his trial counsel $250.00 for a transcript and other papers counsel claimed were necessary to perfect the appeal and that he was assured that the appeal had been perfected. The motion was denied without prejudice to file a proper motion in the Court of Appeals.

This Court granted defendant's motion for writ of certiorari. In addition to his appeal, defendant filed a motion for appropriate relief with this Court. The motion is based upon defendant's claim of ineffective assistance of counsel at trial and the denial of defendant's right of due process of law by the use of the "perjured" and "intentionally misleading" testimony of State's witness, Bobby Carraway. Defendant further contends this testimony constituted a fraud upon the courts of this state and prejudiced the entire trial.

*Attorney General Edmisten, by Associate Attorney Blackwell M. Brogden, Jr., for the State.*

*Reginald L. Frazier and Bowen C. Tatum, Jr., for defendant appellant.*

JOHNSON, Judge.

Defendant brings forward seven assignments of error and presents eleven arguments on appeal. These will be considered

together with the issues raised in defendant's motion for appropriate relief.

The State's case against defendant consisted primarily of testimony given by Bobby Carraway, an acquaintance of several years of defendant Ginn. Carraway was an accomplice in the marijuana sale in question and testified pursuant to a plea concession with the State.

The evidence tended to show that for some weeks, Bobby Carraway had been buying quinine for resale to a purchaser in New York City. Quinine is not a controlled substance, but it is used to cut heroin. Carraway was looking for quinine, and he was contacted by Drug Enforcement Agent (DEA) Grimes regarding a sale. The agent began supplying Carraway with quinine in early 1980. DEA Agent Grimes put Carraway in touch with SBI Agent Alcox. The agents asked Carraway if he could buy some marijuana for them. Carraway agreed.

Carraway testified that he went to defendant Ginn's house and discussed the purchase with Ginn on 13 January 1980. Carraway and Ginn then made trips to Goldsboro and to Wilmington without finding marijuana. Ginn and Carraway returned to Ginn's house in Snow Hill. Eventually, the deal was set up with Agent Alcox for 14 January 1980, at about 7:00 p.m., in Snow Hill. The marijuana was to be stashed behind a trailer home near Snow Hill, about a mile from Ginn's house.

Carraway met the agents at the designated locations and said there had been a delay. He left the agents and went to Ginn's house to investigate the delay. The arrangement was that only Carraway would transfer the marijuana while his source and his partner watched from a gray Jeep parked up the road. While Carraway was investigating the delay, Ginn and another man, Kenneth Claude Howell, Jr., drove up to the agents in a gray Jeep Cherokee and asked where Carraway was. SBI Agent Overton told them that, "Bobby went to the house." Ginn replied, "We will be right back."

At about 2:10 p.m., Carraway returned to where Alcox and Overton were waiting, and Carraway motioned with his hand for the agents to follow him. They did so and were escorted to a remote trailer or mobile home off a rural road. Agent Alcox

followed Carraway to the rear of the trailer where three bags of marijuana were lying on the ground. Alcox weighed the bags and contents and began to pay Carraway, but interrupted payment to arrest Carraway. Ginn and his companion, Howell, were in the gray Jeep Cherokee within sight of the transaction. They were arrested by another agent. The bags on the ground contained about 105 pounds of marijuana. The gray Jeep also contained traces of marijuana. Defendant Ginn's motion for dismissal was denied. He rested without presenting evidence and unsuccessfully renewed his motion.

I

Defendant makes a number of related assignments of error regarding the procedures by which he was tried and convicted. The issues raised are whether the defendant was prejudiced from the delay of the arraignment; whether the defendant's rights to discovery were violated; and whether the State was required to notify defendant of its intended use of an accomplice's testimony.

The following events at trial serve as the factual basis for a number of the issues raised by defendant. During the direct examination of the State's first witness, Bobby Carraway, counsel for the defendant and counsel for the co-defendant, Howell, requested that they be heard on *voir dire*. The court ascertained from the prosecutor that the witness had been indicted for his participation in the crimes for which the defendant was charged and had entered a plea.

The court then asked if there was a motion for the defendant Ginn. Mr. Roland Braswell, counsel for the defendant stated his motion. Braswell sought to exclude from evidence any "alleged conversation" between his client and the witness on the grounds that the defendant had not been arraigned and that the State had not disclosed that Carraway had been a co-defendant who would testify. In essence, defendant's counsel objected to the failure of the State to provide discovery. However, Mr. Braswell did admit that he knew the witness would testify but not that Carraway had been a co-defendant.

Mr. Roland Braswell further stated that he had never requested voluntary discovery because "nobody has ever served me with a bill of indictment. And I know that that clicks the rule."

Counsel for the defendant and the Assistant District Attorney disagreed as to whether the defendant was arraigned prior to trial. Mr. Roland Braswell found, in his *personal* file, an original and copy of a waiver of arraignment in the case. No record of arraignment appeared in the court file. A discussion was held about the aborted attempt to enter a plea at the 12 August 1980 session of Superior Court in Greene County, that had resulted in a continuance at the request of the defendant when Judge Small found the plea unsatisfactory.

The Assistant District Attorney argued that the absence of a record of formal arraignment simply meant the defendant pled not guilty but admitted he might be quoting "some of Judge Small's law." The Clerk stated that some judges did not require that an order of arraignment be filled out. Judge Bruce stated, "I want to go by this in this green book," an obvious reference to the printed General Statutes, and ordered the defendant Ginn arraigned.

Counsel for the defendant replied:

"Your Honor, I don't know exactly what I should do at this point, I am going to state quite frankly to the Court. So what I am going to do is say nothing and if the Court wants to invoke that provision of the statute which has been read by Mr. Heath and proceed on the theory that that is a not guilty plea under that statute, I can do so and then that way I have not waived any rights that my client might have by being caught in the mess we are now caught in."

The Court ordered that the record reflect the defendant had pled not guilty. The Court then inquired of counsel for defendant what requirement there was that the State furnish him written or oral statements the defendant might have made before being taken into custody. Mr. Roland Braswell stated that he had been furnished such information in other cases and had never been advised that the State's witness had been a co-defendant. Mr. Braswell further admitted he knew Carraway would testify six months ago but never that he was a co-defendant.

The Court then ruled that the State was not obliged to furnish a copy of any statement of the defendant. The Court further ruled that the rule in *Bruton v. U.S.*, 391 U.S. 123, 20 L.Ed. 2d

476, 88 S.Ct. 1620 (1968) did not apply to operative statements in connection with the crime charged. After a brief colloquy on the *Bruton* rule, the Court inquired, "anything else?," and received no response from the defendant's attorney. The Court further directed that the arraignment of the defendant relate back to the time that the jury was empaneled.

## A

The defendant contends that the discovery provisions of G.S., Chap. 15A, Art. 48, in particular G.S. 15A-907, and the Sixth and Fourteenth Amendments of the United States Constitution were violated by the pre-trial and trial procedures outlined above. In related arguments, defendant asserts that his rights to full discovery were also violated by the State's failure to comply with the notice provisions of G.S. 15A-1054(c) and that the State's failure to arraign the defendant pursuant to G.S. 15A-941 violated the due process and equal protection provisions of the Fourteenth Amendment and "North Carolina's prohibition against trial by ambush." The gist of defendant's argument is that defendant's trial counsel, Mr. Roland R. Braswell, was handicapped in his defense due to lack of notice of the charges pending against Ginn, lack of notice that an alleged co-defendant would testify as State's witness, and lack of notice of the precise nature of that testimony. Defendant asserts that the State thereby conducted a prejudicial "trial by ambush" in violation of the State's affirmative duty to provide discovery. Defendant's eleventh argument maintains that in addition to the prejudice to defendant's case resulting from the State's conduct in the foregoing matters, defendant's counsel Braswell was ineffective in all phases of defendant's trial due to inadequate investigation and preparation of the case. We do not agree.

[1] On *voir dire*, defendant's counsel stated that he had not requested voluntary discovery because *he* was never served with a bill of indictment. The record indicates that defendant Ginn was personally served with a bill of indictment on 4 June 1980.

G.S. 15A-630 does not require that *counsel* be served with notice of the return of a true bill of indictment. The notice provisions of G.S. 15A-630 are applicable to defendants *unless* they are

then represented by counsel of record.[1] A defendant who is represented by counsel at the time, as was the case of Ginn, is not entitled to the benefits of the notice requirement. *State v. Miller*, 42 N.C. App. 342, 256 S.E. 2d 512 (1979). Thus, counsel's failure to receive notice did not prejudice defendant's discovery rights.

[2] Defendant next argues that the arraignment process utilized in this case violated his constitutional rights and "North Carolina's prohibition against trial by ambush." Specifically, defendant refers to G.S. 15A-941.[2]

The record reflects that the requirements of G.S. 15A-941 have been met. The transcript contains the following statement by the trial court:

"Ladies and gentlemen, this is a case of the State of North Carolina versus Ullman Lee Ginn and the State of North Carolina versus Kenneth Claude Howell, Jr. They are criminal proceedings wherein both of the defendants stand charged with two counts. The first count of the indictment charges each of the defendants with the felonious possession of a controlled substance, to wit, marijuana, with the intent to sell and deliver the marijuana. And the second count of each indictment charges each of the defendants with the felonious sale of the controlled substance, marijuana. The defendants, in each of these cases, have each entered pleas of not guilty as to both of the charges. The fact they are indicted is not evidence of guilt. When a defendant pleads not

1. G.S. 15A-630. Upon the return of a bill of indictment as a true bill the presiding judge must immediately cause notice of the indictment to be mailed or otherwise given to the defendant unless he is then represented by counsel of record. The notice must inform the defendant of the time limitations upon his right to discovery under Article 48 of this Chapter, Discovery in the Superior Court, and a copy of the indictment must be attached to the notice. If the judge directs that the indictment be sealed as provided in G.S. 15A-623(f), he may defer the giving of notice under this section for a reasonable length of time.

2. G.S. 15A-941. Arraignment consists of bringing a defendant in open court before a judge having jurisdiction to try the offense, advising him of the charges pending against him, and directing him to plead. The prosecutor must read the charges or fairly summarize them to the defendant. If the defendant fails to plead, the court must record that fact, and the defendant must be tried as if he had pleaded not guilty.

guilty the burden is on the State of North Carolina to satisfy you of the guilt of the defendant by the evidence and beyond a reasonable doubt."

The procedure utilized by the trial court in this case adequately complied with the requirements of due process and equal protection of law and in no way constituted "trial by ambush." The failure of the record to show a formal arraignment prior to trial does not entitle the defendant to a new trial where the record indicates that the defendant was tried as if he had been arraigned and had entered a plea of not guilty, as in the situation here. *State v. Benfield,* 55 N.C. App. 380, 285 S.E. 2d 299 (1982); *State v. Smith,* 300 N.C. 71, 265 S.E. 2d 164 (1980); *State v. McCotter,* 288 N.C. 227, 217 S.E. 2d 525 (1975). In addition, while the official record is silent, Mr. Braswell's *personal* file of the case contained a waiver of arraignment. Counsel was not unaware of the nature of the charges against defendant. That Mr. Braswell was in fact fully apprised of the charges against defendant Ginn is further evidenced by Braswell's having tendered a negotiated plea to Judge Herbert Small at the August 12th term of court in Greene County. In any event, arraignment does not affect the time for discovery for a defendant represented by counsel. Under G.S. 15A-902(d) and the facts of this case, when the defendant waived his probable cause hearing, upon the consent of counsel on 22 February 1980, the ten days in which discovery should be commenced had ended on or about 4 March 1980.[3] The arraignment of defendant was totally unrelated to the exercise of his discovery rights.

### B

[3] Contrary to defendant's contentions, the State has no initial duty to disclose the names of witnesses. In North Carolina a de-

---

3. G.S. 15A-902(d). If a defendant is represented by counsel, he may as a matter of right request voluntary discovery from the State under subsection (a) above not later than the tenth working day after either the probable-cause hearing or the date he waives the hearing. If a defendant is not represented by counsel, or is indicted or consents to the filing of a bill of information before he has been afforded or waived a probable-cause hearing, he may as a matter of right request voluntary discovery from the State under subsection (a) above not later than the tenth working day after (1) The defendant's consent to be tried upon a bill of information, or the service of notice upon him that a true bill of indictment has been found by the grand jury, or (2) The appointment of counsel—whichever is later.

fendant does not have the right to discover in advance of trial the names and addresses of the State's prospective witnesses. *State v. Myers*, 299 N.C. 671, 263 S.E. 2d 768 (1980), *citing, State v. Dollar*, 292 N.C. 344, 233 S.E. 2d 521 (1977); *State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1976).

> "No right of discovery in criminal cases existed at common law. *State v. Davis*, 282 N.C. 107, 191 S.E. 2d 664 (1972). No right to discover the names and addresses of State's witnesses exists by statute in North Carolina. Neither former G.S. 15-155.4 nor G.S. 15A-903 requires the State to furnish the accused with a list of witnesses who are to testify against him. *See State v. Hoffman*, 281 N.C. 727, 190 S.E. 2d 842 (1972); *State v. Peele*, 281 N.C. 253, 188 S.E. 2d 326 (1972); *State v. Macon*, 276 N.C. 466, 173 S.E. 2d 286 (1970)."

*State v. Smith*, 291 N.C. at 523, 231 S.E. 2d at 674-675.

Defendant urges that *State v. Myers, supra,* be overruled and that, in addition to the matters covered by G.S., Chap. 15A, Art. 48, and G.S. 15A-1054(c), the prosecution be required to disclose, in advance of trial, the names of the State's prospective witnesses and a summary of expected testimony from those witnesses. He contends that *Myers* is a "court established rule" out of step with modern trends. In light of the specific requirements of G.S., Chap. 15A, it would appear to be the province of the General Assembly to impose such requirements on the prosecution. Moreover, in this case, defendant's counsel admitted that he knew for some six months prior to trial that Carraway would testify.

The record does not reveal that defendant at any time requested voluntary discovery nor filed a motion before the court for discovery. Therefore, defendant's contention that the State violated its *continuing* duty to provide disclosure and discovery pursuant to G.S. 15A-907 is without merit.[4]

Defendant relies upon *State v. Hatfield*, W.Va., 286 S.E. 2d 402 (1982), to establish both a constitutional and statutory duty

---

4. G.S. 15A-907. If a party, *subject to compliance with an order issued pursuant to this Article, discovers prior to or during trial additional evidence* or decides to use additional evidence, and the evidence is or may be subject to discovery or inspection under this Article, he must promptly notify the attorney for the other party of the existence of the additional evidence. (Emphasis added.)

upon the State to disclose evidence regardless of defense counsel's lack of demand.

**[4]** However, the *Hatfield* court correctly noted that the State's affirmative duty of voluntary disclosure applies to evidence that is *exculpatory* from a constitutional standpoint. *Id.* at 411, *citing, United States v. Agurs*, 427 U.S. 97, 49 L.Ed. 2d 342, 96 S.Ct. 2392 (1976). The evidence defendant Ginn complains of—the fact that Carraway had been indicted in the same matter and granted a plea concession in return for his testimony—is material only to the issue of Carraway's credibility as a witness. In *United States v. Agurs, supra,* the Supreme Court announced the following standard for evaluating whether the failure to disclose evidence would reach a constitutional dimension such that the prosecutor would be required to disclose it absent a request:

> "It necessarily follows that if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt."

427 U.S. at 112-13, 49 L.Ed. 2d at 355, 96 S.Ct. at 2402.

We need not reach the issue of whether the credibility evidence was exculpatory from a constitutional standpoint in this case, as the record reveals that it was *not omitted* from defendant Ginn's trial. A copy of the plea agreement was provided defense counsel at trial, and witness Carraway was cross-examined regarding the matter. Therefore, the verdict returned already reflected the impact of the "additional" evidence regarding Carraway's credibility, and defendant was not prejudiced by the prosecutor's failure to voluntarily disclose the evidence.

The court in *State v. Hatfield, supra,* stated that the relevant inquiry under a statutory disclosure duty is "prejudice to the defendant resulting from either surprise on a material issue or where the non-disclosure hampers the preparation and presentation of the defendant's case." 286 S.E. 2d at 412.

**[5]** Defendant contends that the State's failure to comply with the notice provisions of G.S. 15A-1054(c) regarding advance notice that Carraway had been a co-defendant in the same matter, prejudiced his discovery rights, his rights to effective assistance of counsel, and denied that defendant's right to test the credibility of witness Bobby Carraway.[5]

The defendant correctly contends that advance notice of the State's plea arrangement with Carraway should have been provided to defense counsel pursuant to G.S. 15A-1054(c). The failure on the part of the State to so provide constitutes a violation of defendant's statutory discovery rights. However, while defense counsel may have been surprised, the failure was not prejudicial to the defendant under the facts of this case.

We note at the outset that the remedy for failure to give advance notice on the part of the prosecution is for defendant or his counsel to compel the granting of a recess. G.S. 15A-1054(c). Defense counsel remained silent when the time came for him to claim this relief, not wanting to prejudice any rights his client may have acquired by the breach of statutory duty. The State ultimately provided defense counsel a written copy of the transcript of the plea agreement with Carraway which was used in the cross-examination.

Any rights under G.S. 15A-1054 have either been waived or adequately protected by actual production of the transcript of the plea and the opportunity seized upon by defense counsel to cross-examine the witness concerning the plea.

The cross and recross-examinations of Carraway and of the SBI Agents Alcox and McLeod clearly elicited the negotiated plea of Carraway, inconsistent statements between Carraway's testimony and the statements he made to the SBI Agents during the course of the investigation prior to his arrest, and Carraway's

---

5. G.S. 15A-1054(c). When a prosecutor enters into any arrangement authorized by this section, written notice fully disclosing the terms of the arrangement must be provided to defense counsel, or to the defendant if not represented by counsel, against whom such testimony is to be offered, a reasonable time prior to any proceeding in which the person with whom the arrangement is made is expected to testify. Upon motion of the defendant or his counsel on grounds of surprise or for other good cause or when the interests of justice require, the court must grant a recess.

history of dealings with persons in the heroin trade in New York City.

In view of the damaging cross-examinations conducted, the defendant cannot claim to have been deprived of any benefits that might reasonably have been expected from the advance written disclosure required by G.S. 15A-1054. The defendant waived any right to the recess allowed by statute to apprise himself of the material contained in the plea agreement. The record contains no errors prejudicial to the defendant regarding arraignment and discovery.

## C

[6] The foregoing discussion of defense counsel Braswell's pretrial and trial conduct in this case amply demonstrates that defendant Ginn's counsel conducted an active and thorough defense at the trial. However, defendant's appellate counsel argues that defendant's trial counsel failed to adequately represent the defendant's interests by failing to conduct pretrial discovery, not making adequate investigation prior to trial, waiving an opening statement at the empaneling of the jury and failing to perfect an appeal. Defendant's most serious contentions relate to inadequate discovery and pre-trial preparation, resulting in defense counsel's entering a contested trial "ignorant of the prosecution's evidence."

> "The test of effective assistance has been expressed two ways by this Court. Traditionally, the formulation has been whether 'the attorney's representation is so lacking that the trial has become a farce and a mockery of justice.' *State v. Sneed*, 284 N.C. 606, 612, 201 S.E. 2d 867, 871 (1974). Recently, however, we have employed the *McMann* standard and the ABA Standards without mention of the 'farce and mockery' standard in reviewing an ineffective assistance of counsel claim in a case in which the defendant had not pleaded guilty. *State v. Milano, supra,* 297 N.C. at 494, 256 S.E. 2d at 159. Under either of these tests defendant has failed to meet the 'stringent standard of proof on the question of whether an accused has been denied Constitutionally effective representation.' "

*State v. Misenheimer*, 304 N.C. 108, 121, 282 S.E. 2d 791, 799-800 (1981). (Footnotes omitted.)

As in *State v. Misenheimer*, the defendant here is unable to meet the burden imposed upon him by either test of the denial of "constitutionally effective counsel." *McMann v. Richardson*, 397 U.S. 759, 771, 25 L.Ed. 2d 763, 773, 90 S.Ct. 1441, 1449 (1970) required only that counsel advising a guilty plea do so "within the range of competence demanded of attorneys in criminal cases."

The absence of pretrial motions or discovery must be viewed in light of the entire transcript of the trial, especially the portions connected with the testimony of Bobby Carraway. Mr. Roland Braswell conducted a thorough and effective cross-examination of Carraway, utilizing the plea concessions provided him at trial. It cannot be said that Braswell's performance on cross-examination was not reasonably competent under *McMann*.

The foregoing discussions of the events at trial concerning arraignment and discovery reveal that Braswell was fully aware of the charges against Ginn and the fact that Carraway would testify for the State.

Braswell made a tactical decision to "say nothing" at the time Judge Bruce ordered defendant to be arraigned at trial and a plea of not guilty entered. Braswell's stated reason for this decision being: "I can do so and then that way I have not waived any rights that my client might have by being caught in the mess we are now caught in."

A reading of the transcript as a whole shows that counsel was attempting to build a record for appeal and wanted to avoid waiving any rights or curing any prejudice. Defendant's counsel performed a creditable cross-examination which demonstrated knowledge of the case and the issues involved. No evidence is alleged to have been overlooked by Mr. Braswell to defendant's detriment. That Braswell chose one strategem over another in this matter does not render his assistance ineffective. Defendant has not demonstrated that Braswell's choices denied him the presentation of some matter that would have aided his defense. Defendant has not been denied his Sixth Amendment right to effective assistance of counsel.

D

[7] Defendant's motion for appropriate relief filed with this Court raises the issue of whether defendant Ginn was denied his right

of due process of law by the use of the perjured testimony of Bobby Carraway. Defendant argues that Carraway committed perjury and "perpetrated a fraud upon the courts of this State" during cross-examination.

Defendant's allegation is not supported by the record in this case. The purported perjury concerning Carraway's testimony was that his only prior convictions were a "D.U.I. charge and maybe one speeding ticket." At this point, defense counsel asked whether Carraway had "ever been convicted of any drug related offense prior to this occasion." To which Carraway replied, "No, sir."

Defendant contends this was perjury because Carraway had entered a plea of guilty in the same matter approximately six months prior to Ginn's trial. However, upon defense counsel's continued probing, Carraway admitted that he pled guilty and entered into a plea bargain with the State. After a recess, counsel was provided with a certified copy of Carraway's plea bargain with the State indicating that Carraway pled guilty to felonious possession of marijuana and was placed on unsupervised probation for a term of three years, which Carraway admitted having signed.

It is clear from the record that whatever harm was done defendant by Carraway's initial response regarding drug related offenses was effectively dispelled by Braswell's continued cross-examination. The statements of Carraway's cited by defendant simply do not rise to the level of fraud upon the court. Defendant's claim of prejudice resulting thereby to the entire trial is without merit.

II

[8] Defendant combines two assignments of error relating to the sufficiency of the State's evidence and argues that the State failed to prove each and every essential element of the crimes charged. In particular, defendant argues that the State's case of circumstantial evidence fails to connect the defendant with the actual placing of the marijuana behind the trailer.

> "It is elementary that a motion to nonsuit requires the trial court to consider the evidence in its light most favorable to the State, take it as true, and give the State the benefit of

every reasonable inference to be drawn therefrom. *State v. Cook*, 273 N.C. 377, 160 S.E. 2d 49 (1968). Whether the evidence is direct, circumstantial, or both, if there is evidence from which a jury could find that the offense charged had been committed and that defendant committed it, the motion to nonsuit should be overruled."

*State v. Fletcher*, 301 N.C. 515, 517, 271 S.E. 2d 913, 914 (1980).

The evidence shows that undercover agents had attempted to purchase marijuana. In those efforts they contacted one Bobby Carraway, known to be involved in the purchase for resale of legal ingredients used in the dilution of heroin for unlawful distribution. Carraway and Ginn began to look for marijuana for the agents. Carraway eventually arranged a drug "buy." Following Carraway's instructions, the agents proceeded to a remote rural intersection where they met with Carraway. Carraway departed to check with his "source." In the interim, the defendant Ginn drove up and asked the agents where Carraway was. Ginn was not known to the agents nor did he have any apparent reason to know that they were waiting for or knew Carraway. Ginn left and Carraway returned later to lead the agents to a remote trailer in the woods. The agents knew that Carraway's partner and source would be watching from a nearby Jeep. Contraband was then sold and delivered by Carraway to the agents. Ginn and another person were arrested within 100 yards of the transaction. Contraband was found in the vehicle under Ginn's control. Carraway identified Ginn as his accomplice in the transaction, testifying that each was to receive $1,500.00 profit from the sale. Considered in the light most favorable to the State, the State's evidence would support a finding that Ginn was directly involved in the illegal transaction. Denial of defendant's motions was proper.

Defendant also argues that "the entrapment question was ignored at trial. There was no instruction given on the law of entrapment." While not stated explicitly in defendant's brief, defendant apparently bases his argument on the theory that the evidence revealed entrapment as a matter of law and therefore the trial court was required to dismiss the charges as a matter of law.

"Like other defenses, entrapment is generally an issue for the jury to decide unless the court finds from the evidence presented that the police entrapped the defendant as a matter of law." *State v. Grier*, 51 N.C. App. 209, 212, 275 S.E. 2d 560, 562 (1981). The court can find entrapment as a matter of law only where the undisputed testimony and required inferences compel a finding that the defendant was lured by the officers into an action he was not predisposed to take. *State v. Stanley*, 288 N.C. 19, 32, 215 S.E. 2d 589, 597 (1975). *See also State v. Walker*, 295 N.C. 510, 513, 246 S.E. 2d 748, 750 (1978).

The defendant has failed to elicit evidence of entrapment in this case. Again, denial of these motions by the trial court was proper.

## III

**[9]** Defendant's next argument is addressed to the revocation of probation in 79CrS265. Defendant contends that the trial court committed reversible error in revoking his probationary sentence in 79CrS265 before the adjudication of a final determination in 80CrS85 and 80CrS86 on the grounds that no criminal judgment is considered final until it has been affirmed or denied on appeal as provided by the Criminal Procedure Act of North Carolina. The probationary sentence in 79CrS265 was revoked on the basis of the testimony and evidence before the trial judge in the case on appeal. The court then imposed consecutive sentences. Defendant cites no case in support of his argument.

The trial court did not err in revoking probation based upon *evidence* presented before the court in a trial in which defendant was convicted and appealed. Revocation of probation is a matter of discretion with the trial court. In making the determination as to whether the conditions of probation have been violated the "evidence need be such that reasonably satisfies the trial judge in the exercise of his sound discretion that the defendant has violated a valid condition on which the sentence was suspended." *State v. Freeman*, 47 N.C. App. 171, 266 S.E. 2d 723, *cert. denied*, 301 N.C. 99, 273 S.E. 2d 304 (1980).

Defendant's probation was revoked at the sentencing hearing held for the possession and sale of marijuana charge. This hearing occurred on the day following the return of the guilty verdict. A

report had been filed pursuant to G.S. 15A-1345 to revoke probation and put the suspended sentence into effect, alleging that Ginn violated the general condition of probation that "defendant shall not commit any criminal offense." The violation alleged was the offense of the sale and delivery of marijuana, which formed the basis of defendant's conviction the day before. The trial judge stated that he would consider all *evidence* introduced during the trial of the defendant just concluded, in the probation hearing. Finding a violation of a valid condition of probation, the trial judge ordered defendant's probation terminated and execution of the suspended sentence to commence immediately. The trial judge later ordered the execution of the active portion of the sentence imposed in the marijuana sale case to run consecutively.

A nearly identical set of facts was presented in *State v. Hill*, 266 N.C. 107, 145 S.E. 2d 349 (1965). There, the defendant was found guilty of assault. The solicitor then prayed for judgment activating a previously suspended sentence on the specific ground of defendant's conviction for assault. The revocation hearing was held before the same judge the day after defendant's assault trial. The issue on appeal was whether the trial judge based the revocation upon the evidence presented at that trial or upon evidence offered of other convictions of defendant. The Supreme Court held that the trial judge had actual knowledge as well as judicial notice of the trial, verdict, and judgment in the assault case and affirmed the revocation of probation based upon that judicial knowledge of the offense committed.

The trial judge had before him sufficient knowledge and notice of the commission of the acts leading up to defendant Ginn's conviction for the possession and sale of marijuana to have reasonably concluded that Ginn violated a valid condition of his probation. Significantly, defendant's probation was not revoked because of his conviction; rather, revocation was based upon the trial court's consideration of evidence that defendant possessed and sold marijuana. We conclude that defendant's probation in the 79CrS265 case was properly revoked.

We have carefully considered defendant's other assignments of error and find them to be without merit. The judgment pronounced in Causes Nos. 80CrS85 and 80CrS86 and the judgment activating the sentence in Cause No. 79CrS265 are

Affirmed.

Chief Judge MORRIS and Judge BECTON concur.