STATE OF NORTH CAROLINA v. RALPH PATE

No. 8220SC888

(Filed 3 May 1983)

1. **Criminal Law § 158.1— failure to put excluded evidence in record**
    Where defendant failed to include in the record what a witness would have testified concerning prior confrontations between defendant's family and the family of the victim, the Court was unable to review on appeal the propriety of the trial judge's excluding the evidence at trial.

**2. Criminal Law § 167.1— objected testimony—evidence of same import later admitted without objection**

   The benefit of an objection to an officer's testimony as to statements made by defendant while in custody was lost when evidence of the same import was thereafter elicited by defense counsel on cross-examination.

**3. Homicide § 28.1— failure to instruct on self-defense proper**

   In a prosecution for second degree murder, the trial court did not err in failing to instruct the jury on self-defense where the undisputed evidence was that defendant shot an unarmed man in his own yard from a moving car.

   Judge WEBB dissenting.

APPEAL by defendant from *Mills, Judge.* Judgment entered 30 April 1982 in Superior Court, UNION County. Heard in the Court of Appeals 7 March 1983.

Defendant was indicted for the second degree murder of Bradley Flowe. Evidence presented at trial showed that on 20 February 1982 the defendant was informed by his son Jeffrey that another son Darrell, who was crippled, was in the hospital as the result of an assault upon him by Bradley and Ted Flowe. Defendant went to meet his son Dale who had witnessed the fight. Dale described the assault to his father and was persuaded to drive his car so that his father could find the Flowes. Defendant took a .22 rifle from his car and put it in his son's car. Locating the Flowes leaving a local Arcade, the defendant, his son Dale and two friends followed the Flowe vehicle to their house where defendant threw a bottle at the car from the road. Defendant and his companions then left the scene but returned at defendant's direction so he could talk with the Flowes. When they approached the Flowe residence, Bradley Flowe was seen in the driveway running toward them shouting with his hands up in the air. At the same time another occupant of the Pate vehicle yelled, "He's got a gun." Dale quickly accelerated the car to leave, and defendant fired his rifle. Bradley Flowe was struck and killed by the defendant's gunshot.

The jury returned a verdict of guilty as charged. From imposition of a fifteen year prison term, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*Haynes, Baucom, Chandler, Clayton and Benton, by W. J. Chandler, for defendant-appellant.*

EAGLES, Judge.

[1]   Defendant has assigned error to several evidentiary rulings. He argues that the trial judge erred in excluding evidence pertaining to prior confrontations between the Pates and the Flowes. Since defendant has failed to include in the record what the witnesses would have testified to in this regard, we are precluded from any review on appeal. *State v. Misenheimer*, 304 N.C. 108, 282 S.E. 2d 791 (1981). For the same reason we also do not reach defendant's argument concerning prejudice in the exclusion of certain testimony by the witness Dale Pate. *Id.*

Defendant next objects to the form of certain questions propounded by the State which he contends assumed facts not in evidence and called for conclusions. He does not argue that any answers elicited by these questions were prejudicial nor do we find them to be prejudicial. Upon examining the challenged questions, we find no basis to believe that there is a reasonable possibility that a different result would have been reached at trial had the alleged error in question not been committed. G.S. 15A-1443(a); *State v. Corbett and State v. Rhone*, 307 N.C. 169, 297 S.E. 2d 553 (1982). The question propounded to Officer Rollins concerning his previous experience in arresting suspects, while irrelevant, did not amount to prejudicial error. *Id.*

[2]   We find no merit in defendant's contention that there was error in allowing the arresting officer to testify as to a statement made by defendant while in custody concerning the whereabouts of the murder weapon. Evidence of the same import was thereafter elicited by defense counsel on cross-examination of this same witness. "When evidence is admitted over objection and the same evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost." *Id.* at p. 179, 297 S.E. 2d at 560. Similarly, there is no error in the overruling of defendant's objections to statements by police officers regarding the demeanor of defendant's daughter on the night of the arrest since this evidence was brought out during other testimony without objection. *Id.*

[3]   In his final assignment of error defendant contends the trial judge erred in failing to instruct the jury on self-defense. A defendant is entitled to an instruction on self-defense if there is evidence in the record to establish that it was necessary or that it

reasonably appeared to the defendant to be necessary to kill the victim in order to protect himself from death or great bodily harm. *State v. Spaulding,* 298 N.C. 149, 257 S.E. 2d 391 (1979). However, if the court determines as a matter of law that there is insufficient evidence in the record from which a jury could determine that the defendant reasonably could have formed such a belief, then the issue should not be submitted for consideration. *State v. Bush,* 307 N.C. 152, 297 S.E. 2d 563 (1982). The evidence in the record before us does not necessitate the submission of a self-defense instruction to the jury. Although defendant stated that he had a reasonable apprehension of harm to himself when he heard the shouted words "got a gun," the undisputed evidence is that he shot an unarmed man in his own yard from a moving car. There is no evidence in the record that defendant thought he saw a weapon in the possession of the deceased or that the deceased was close enough to him to do him great bodily harm. This assignment of error is overruled.

We find that the defendant received a fair trial free of prejudicial error.

No error.

Chief Judge VAUGHN concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority. I believe there was sufficient evidence of self-defense that it should have been submitted to the jury.