STATE OF NORTH CAROLINA v. THOMAS ODELL CARSON, SR. AND THOMAS ODELL CARSON, JR.

No. 541A86

(Filed 7 July 1987)

1. **Indictment and Warrant § 5— superseding indictment—failure to dismiss original indictment at arraignment**

    The mandate of N.C.G.S. § 15A-646 that prior indictments for an offense be dismissed at the time of a defendant's arraignment upon a superseding indictment or information is intended solely to require a ministerial act, and the failure of the trial court to do so does not render the superseding indictment void or defective.

2. **Indictment and Warrant § 5— superseding indictments—failure to serve on defendants**

    There was no requirement that defendants be served with copies of superseding indictments in order for the indictments to be "filed" within the

State v. Carson

meaning of N.C.G.S. § 15A-646 where defendants were represented by counsel at the time those indictments were returned by the grand jury.

**3. Indictment and Warrant § 5— superseding indictments—failure to rule on objections until evidence presented**

There was no merit to defendants' contention that superseding indictments were not "filed" within the meaning of N.C.G.S. § 15A-646 because the trial court failed to rule on defendants' objections to proceeding on those indictments until all of the evidence in the case had been presented.

**4. Criminal Law § 92.1— joinder of offenses against father and son**

The trial court did not err in joining for trial charges against defendant and his father for first degree rape and first degree sexual offense because the victim was not immediately able to identify defendant as one of her attackers but immediately identified the father from a photographic lineup where defendant and his father did not offer antagonistic defenses; both of them made pretrial statements indicating that they were together in the car bearing the license plate number identified by the victim at the time of and in the vicinity of the attack; and the victim unequivocally identified defendant at trial as her second attacker.

**5. Bills of Discovery § 6— discovery request—failure to provide codefendant's statement—refusal to exclude as sanction**

The trial court did not abuse its discretion in failing to exclude a codefendant's statement as a sanction for the State's failure to provide defendant with a copy of that statement in a timely manner pursuant to a pretrial discovery request where the State did give defendant notice of its intent to use the statement one day before the statement was introduced at trial, and the statement did not differ significantly from a pretrial statement made by defendant which was also introduced as evidence and was not assigned as error on appeal.

APPEAL of right by the defendants under N.C.G.S. § 7A-27(a) from judgments imposing life sentences entered by *Kirby, J.,* on 6 June 1986, after a joint trial at the 2 June 1986 Criminal Session of Superior Court, MCDOWELL County. Heard in the Supreme Court on 12 May 1987.

*Lacy H. Thornburg, Attorney General, by Norma S. Harrell, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Robin E. Hudson, Assistant Appellate Defender, for the defendant appellant Thomas Odell Carson, Sr.*

*Stephen R. Little for the defendant appellant Thomas Odell Carson, Jr.*

MITCHELL, Justice.

On 28 May 1985, the Grand Jury of McDowell County returned four true bills of indictment against the defendants. Each defendant was charged by one indictment for first degree rape and by one indictment captioned "SECOND DEGREE SEXUAL OFFENSE." Superseding indictments charging each defendant with first degree sexual offense were returned later by the grand jury. The superseding indictments charged the defendants with the same acts for which they previously had been charged by the 28 May 1985 sexual offense indictments. The superseding indictment against Thomas Odell Carson, Sr. was returned by the grand jury on 2 June 1986, the day the trial of the defendants commenced. Although the superseding indictment against Thomas Odell Carson, Jr. bears no date, it appears that it was returned on the same day as the superseding indictment against his father.

Over the objections of the defendants, all charges against both of them were joined for trial and the trial court proceeded to try both defendants for first degree rape and first degree sexual offense. Each defendant was convicted of both offenses. The charges against Thomas Odell Carson, Jr. were consolidated for the purpose of judgment, and he was sentenced to imprisonment for life. The defendant Thomas Odell Carson, Sr. received consecutive sentences of life imprisonment.

The evidence for the State tended to show that the victim, a twenty-year-old woman, was with friends in Swannanoa during the early morning hours of Sunday, 24 February 1985. She and a companion left Swannanoa together, at which time she expected to be returned to her home in Rutherford County. After arguing with her friend, the victim was let out of a vehicle at approximately 4:00 a.m. at an exit from Interstate Highway 40 and told to walk. She was given a ride for some distance by a truck driver and then resumed walking.

After walking for about an hour, the victim was given a ride in a car driven by the defendant Thomas Odell Carson, Sr. The defendant Thomas Odell Carson, Jr. was a passenger in the car at the time. The men asked her how she was planning to pay for the ride. Carson, Jr. suggested that she pay with something other than money. Both men indicated that they wanted sex in payment

for the ride. The victim asked to get out of the car if she could not pay with money.

Carson, Sr. drove the car to a secluded area off a side road. The victim got out of the car and started walking backwards away from the two men. Both men came after her and grabbed her, and one of them shoved her to the ground. She began screaming and fought against the men by kicking and trying to pull away. She was hit by both men and pulled by the hair of her head. One of the defendants threatened to break her neck while holding her around the neck with his hands. She was put back into the car and forced to commit fellatio and sexual intercourse with both of the defendants.

Thereafter, the defendants drove away leaving the victim at the scene. She observed and memorized the license plate number of the car as it drove away. She then ran or walked until she found help. The victim then reported the rapes and sexual offenses to the McDowell County Sheriff's Department and gave a description of her assailants and the car, as well as the license plate number of the car.

The victim was later shown photographic lineups and identified Carson, Sr. as one of her assailants. She did not identify Carson, Jr. at that time, but indicated that another person's photograph had some resemblance to the second assailant. The victim identified both defendants at trial as the men who had attacked her.

The license plate number which the victim gave to the Sheriff's Department was registered in the name of the wife of Carson, Sr. A search of the car yielded the back of an earring lost by the victim during the attack against her and pubic hairs which were microscopically consistent with the pubic hairs of the victim. Thread identical to that in the trousers worn by the victim at the time of the attack was discovered from the back seat of the car.

Both defendants gave statements indicating that they were together in the car driving on Interstate Highway 40 at the approximate time of the attack against the victim. Each denied committing any of the offenses charged and denied having sexual relations with anyone or giving a ride to anyone. Neither defendant testified or presented evidence at trial.

Both defendants assign error to the trial court's action in allowing their trial to proceed, over their objections, on the superseding bills of indictment charging them with first degree sexual offense. They contend that the superseding bills were returned on the very day of trial, and that they were not served with copies of those indictments prior to trial. They argue that, before they were actually arraigned on the new indictments, the trial court informed prospective jurors that the defendants had entered pleas of not guilty to first degree sexual offense. Immediately thereafter, a jury was selected but not empaneled. The jury was sent from the courtroom, at which time counsel for the defendants objected to being arraigned on the superseding indictments charging first degree sexual offense and moved to dismiss them.

The trial court did not rule on the defendants' objections and motions in this regard until the following day, after all of the evidence had been presented. At that time, the trial court denied the defendants' motions to dismiss the superseding indictments. The earlier indictments, captioned "SECOND DEGREE SEXUAL OFFENSE," were not dismissed prior to judgments being entered against the defendants.

The defendants first argue in support of this assignment that the action of the trial court in commencing their trial on the first degree sexual offense charges without first having decided whether they had been validly indicted for those crimes denied them each the right to be tried only upon a valid indictment, guaranteed by article I, section 22 of the Constitution of North Carolina, as well as the right to due process of law, guaranteed by article I, sections 19 and 23 of the Constitution of North Carolina and the fifth and fourteenth amendments to the Constitution of the United States. The defendants based this argument upon their view that the indictments against them for first degree sexual offense were rendered invalid and void as superseding indictments due to the trial court's failure to comply with the requirements of N.C.G.S. § 15A-646. That statute states in pertinent part:

> If at any time before entry of a plea of guilty to an indictment or information, or commencement of a trial thereof, another indictment or information is filed in the same court charging the defendant with an offense charged or attempted

to be charged in the first instrument, the first one is, with respect to the offense, superseded by the second and, *upon* the defendant's *arraignment* upon the second indictment or information, the count of the *first instrument* charging the offense *must be dismissed by the superior court judge.*

N.C.G.S. § 15A-646 (1983) (emphasis added).

[1] The defendants contend that the trial court's failure to dismiss the first indictments against them, captioned "SECOND DEGREE SEXUAL OFFENSE," rendered the later indictments for first degree sexual offenses void. Therefore, the defendants argue, they were not tried on valid indictments for those offenses. We do not agree.

It has long been the law in North Carolina that the existence of former bills of indictment for an offense

constitute no legal impediment to the putting the defendant on trial upon the last and more perfect bill, at the election of the Solicitor. This is the recognized practice, and is convenient and necessary in the administration of the criminal law for the removal of all grounds of exception to the form of the bills previously sent, or for any irregularity in the manner of acting upon them.

*State v. Hastings*, 86 N.C. 596, 597 (1882). We do not believe the legislature intended that its adoption of N.C.G.S. § 15A-646 modify such time honored practices in any way. Instead, we conclude that the legislative mandate that prior indictments for an offense be dismissed at the time of a defendant's arraignment upon a superseding indictment or information was intended solely to require a ministerial act. The required dismissal would prevent any possibility that the State might inadvertently attempt to proceed further on a former superseded indictment and, thereby, create avoidable problems of double jeopardy. Although the better practice and, indeed, the required practice under the statute is for the trial court to dismiss any prior indictments charging an offense upon the arraignment of the defendant on a superseding indictment charging the same offense, the failure of the trial court to do so does not render the superseding indictment void or defective.

[2]   The defendants also argue that the superseding indictments in the present case were not "filed" within the meaning of N.C.G.S. § 15A-646, because they were not served on the defendants prior to trial. There was no requirement that these defendants be served with copies of the superseding indictments, however, since it is clear from the record before us that the defendants were represented by counsel at the time those indictments were returned by the grand jury. *State v. Ginn,* 59 N.C. App. 363, 296 S.E. 2d 825, *review denied, appeal dismissed,* 307 N.C. 271, 299 S.E. 2d 217 (1982); *State v. Miller,* 42 N.C. App. 342, 256 S.E. 2d 512 (1979); N.C.G.S. § 15A-630 (1983). This argument is without merit.

[3]   The defendants also argue that the superseding indictments were not "filed" within the meaning of N.C.G.S. § 15A-646, because the trial court failed to rule on the defendants' objections to proceeding on those indictments until all of the evidence in the case had been presented. The defendants argue that the superseding indictments could not be considered to have been "filed" within the meaning of the statute until the trial court had ruled upon their objections and motions to dismiss the superseding indictments. The defendants cite no authority for this proposition, and we have found none. The indictments in question were either valid superseding indictments, or they were not. The fact that the trial court reserved its ruling on the validity *vel non* of the indictments until after the trial had commenced was of little significance, since its ruling could not make an invalid indictment valid in any event. We have concluded that the indictments against these defendants for first degree sexual offense were valid superseding indictments as a matter of law. They were not rendered void or defective by any action of the trial court. Therefore, this argument is without merit.

Finally, in connection with this assignment of error by the defendants, we note that the defendants in their briefs specifically acknowledge that their trial on the superseding indictments did not deprive them of proper notice of the charges against them. They specifically reject any such contention and argue instead that the superseding indictments were void and failed to give the trial court jurisdiction to try them for the first degree sexual offenses. As we have found such contentions by the defendants without merit, this assignment of error is overruled.

[4]   The defendant Thomas Odell Carson, Jr. assigns error to the action of the trial court in joining his cases for trial with those of his father. Carson, Jr. argues in support of this assignment that the victim was not immediately able to identify him as one of her attackers, although she did immediately identify his father from a photographic lineup. Carson, Jr. argues, therefore, that it was impossible for him to receive a fair trial in a joint trial with his father, because the victim would have identified any person sitting with Carson, Sr. at the trial as the other man who attacked her.

The trial court was required to deny joinder if it found severance "necessary to promote a fair determination of the guilt or innocence of one or more defendants . . . ." N.C.G.S. § 15A-927(c)(2) (1983). A trial court's ruling on such questions of joinder or severance, however, is discretionary and will not be disturbed absent a showing of abuse of discretion. *State v. Hayes*, 314 N.C. 460, 471, 334 S.E. 2d 741, 747 (1985). The trial court "may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *Id.*

In the present case, the defendants did not offer antagonistic defenses. Each of them had given a pretrial statement to law enforcement officers indicating that they were together in the car bearing the license plate number identified by the victim at about the time of the attacks upon the victim and in the vicinity of the point at which those attacks occurred. The victim identified Carson, Sr. without hesitation prior to trial as one of her attackers. She identified Carson, Jr. as the other attacker at some later point, and unequivocally identified him at trial as having been her second attacker. Given these facts, we cannot say that the trial court's decision to join the defendants' cases for trial was not the result of a reasoned decision or was an abuse of discretion. This assignment is without merit and is overruled.

[5]   The defendant Thomas Odell Carson, Sr. assigns error to the admission in evidence against him of a pretrial statement of his co-defendant, his son Carson, Jr. The defendant Carson, Sr. presents no constitutionally based argument in support of this assignment. Instead, his sole argument in support of the assignment is that the trial court abused its discretion by failing to ex-

clude the statement of Carson, Jr., because the State had failed to provide him with a copy of that statement in response to a pretrial request for voluntary discovery. Prior to trial, Carson, Sr. served the State with a request for voluntary discovery specifically demanding that the State provide him with: "All written, recorded, or oral statements of a co-defendant which the state intends to offer at trial, as provided by N.C.G.S. 15A-903(b) . . . ." The State indicated in response that it did not intend to offer any statements of the co-defendant at trial.

During the trial, the State introduced the pretrial statement of the co-defendant Carson, Jr. and the pretrial statement of Carson, Sr. The statements were very similar and were consistent in all significant respects. On appeal, the defendant Carson, Sr. has not assigned error to the admission of his own statement as evidence against him, but merely contends that the admission of his son's statement by the trial court amounted to an abuse of discretion.

The State undertook to make voluntary discovery when it responded to the request by Carson, Sr. for any statements made by his co-defendant. Therefore, the State's voluntary response was deemed under N.C.G.S. § 15A-902(b) to have been made under an order of the court. *State v. Anderson,* 303 N.C. 185, 192, 278 S.E. 2d 238, 242 (1981). As a result, the trial court properly could have invoked the sanctions provided in N.C.G.S. § 15A-910 for the State's failure to provide Carson, Sr. with a copy of the pretrial statement of Carson, Jr. in a timely manner. *Id.* The decision as to which sanctions to apply, or whether to apply any of the sanctions at all, however, rests with the discretion of the trial court. *State v. Stevens,* 295 N.C. 21, 37, 243 S.E. 2d 771, 781 (1978). The trial court may be reversed for an abuse of discretion in this regard only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision. *State v. Gladden,* 315 N.C. 398, 412, 340 S.E. 2d 673, 682, *cert. denied,* --- U.S. ---, 93 L.Ed. 2d 166 (1986).

In the present case, the State informed the defendant Carson, Sr. that it intended to introduce the pretrial statement of Carson, Jr. The State gave notice of its intent to use the statement after the trial had actually commenced and only one day before the statement was actually introduced. Although we do not

approve of the belated manner in which the State made its intention to use the statement known to the defendant Carson, Sr., we cannot say that the trial court's failure to impose sanctions was an abuse of discretion.

Carson, Sr. did have advance notice that the statement of Carson, Jr. would be used as evidence. That statement did not differ significantly from the pretrial statement made by Carson, Sr. himself, which was also introduced as evidence and has not been made the subject of an assignment of error on appeal. Therefore, the statement of Carson, Jr. in all probability had little impact on the State's case against Carson, Sr. This being the case, we are unable to say that the trial court's decision not to apply sanctions against the State could not have been the result of a reasoned decision. We conclude that the trial court did not abuse its discretion by failing to apply sanctions. This assignment is without merit and is overruled.

The defendant received a fair trial free from prejudicial error.

No error.