BRYANT, Judge.
Edward Jefferson Austin (defendant) appeals from a jury verdict dated 23 May 2003 finding him guilty of three counts of first-degree statutory rape, two counts of taking indecent liberties with a minor, and one count of first-degree statutory sexual offense.
The State's evidence tends to show that from September 2001 until late February 2002 defendant committed repeated sexual acts including sexual intercourse upon eleven-year-old C.M.[1]
On 22 March 2002, C.M. and her two younger sisters were interviewed by Cynthia Stewart, a social worker employed with the Child Medical Evaluation Team at North Carolina Baptist Hospital. That same day, Dr. Sarah Sinal, a pediatrician with special training in the field of child sexual abuse, administered physical examinations to C.M. and her two sisters.
At trial, each of the sisters testified to having been sexually assaulted by defendant. During his testimony, defendant denied having assaulted the girls.
On 23 May 2003 defendant was found guilty of three counts of first-degree statutory rape, two counts of taking indecent liberties with a minor child and one count of first-degree statutory sexual offense (fellatio) as to C.M. At the sentencing hearing the trial court determined defendant had zero criminal history points for a Prior Record Level of I. The trial court sentenced defendant to four consecutive terms of 240 to 297 months imprisonment. Defendant appealed.
On appeal defendant raises three issues: whether the trial court erred by (I) allowing Dr. Sinal to testify that C.M. and her two sisters had been sexually assaulted; (II) finding Cynthia Stewart to be an expert in the field of interviewing child abuse victims and allowing her to give opinions concerning the characteristics of sexually abused children; and (III) not imposing sanctions against the State for alleged discovery violations.
In defendant's first two assignments of error, defendant has failed to properly preserve the issues for appellate review pursuant to N.C. R. App. P. 10(b)(1). "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(b)(1) (2003).
As to issue (I), after extensive testimony from Dr. Sinal, defendant lodged only one objection to Dr. Sinal's testimony: regarding defendant's sexual acts as to C.M.'s sister, C.W. However, the testimony to which defendant objected had already been admitted. See State v. Pate, 62 N.C. App. 137, 139, 302 S.E.2d 286, 288 (1983) (evidence admitted over objection after the same evidence had been previously admitted or is later admitted without objection loses the benefit of the objection); State v. Whitley, 311 N.C. 656, 661, 319 S.E.2d 584, 588 (1984) (same). As to issue (II), defendant did not object at trial to the admission of Cynthia Stewart's expert opinion testimony concerning the characteristics of a sexually abused child. N.C. R. App. P. 10(b)(1) (2003). Further, we note while defendant argues plain error in his brief as to both issues, he has failed to "specifically and distinctly" allege plain error in the record on appeal and we therefore dismiss defendant's assignments of error (I) and (II). N.C. R. App. P. 10(c)(4) (2003); State v. Flippen, 349 N.C. 264, 276, 506 S.E.2d 702, 710 (1998) (defendant failed to allege plain error in his assignments of error, subjecting issue to dismissal); State v. Bell, 359 N.C. 1, 27-28, 603 S.E.2d 93, 111 (2004); State v. Robinson, 355 N.C. 320, 332, 561 S.E.2d 245, 253 (2002); State v. Ward, 354 N.C. 231, 263, 555 S.E.2d 251, 271-72 (2001); State v. Allen, 346 N.C. 731, 740-41, 488 S.E.2d 188, 193 (1999).
In his final assignment of error, defendant argues that the trial court erred in not imposing sanctions allowable under N.C. Gen. Stat. § 15A-910 (2003) against the State pursuant to N.C. Gen. Stat. § 15A-903(a)(2) (2002), which states in pertinent part:
§ 15A-903. Disclosure of evidence by the State - Information subject to disclosure (a) Statement of Defendant. - Upon motion of a defendant, the court must order the prosecutor: . . . (2) To divulge, in written or recorded form, the substance of any oral statement relevant to the subject matter of the case made by the defendant, regardless of to whom the statement was made, within the possession, custody or control of the State, the existence of which is known to the prosecutor or becomes known to him prior to or during the course of trial . . . . If the statement was made to a person other than a law-enforcement officer and if the statement is then known to the State, the State must divulge the substance of the statement no later than 12 o'clock noon, on Wednesday prior to the beginning of the week during which the case is calendared for trial. If disclosure of the substance of defendant's oral statement to an informant whose identity is or was a prosecution secret is withheld, the informant must not testify for the prosecution at trial.
Defendant contends that the State should have been sanctioned for failing to timely inform defendant of the intention to use statements by the defendant to C.M., her sisters and her mother. These statements included defendant's threats of harm made to the victims if they disclosed acts of sexual abuse. Defendant moved to exclude these statements because the State served notice to the defendant at 2:44 p.m., rather than 12:00 noon, on the Wednesday before trial, pursuant to N.C.G.S. § 15A-903(a)(2).
After hearing arguments regarding defendant's motion, the trial court made the following findings:
The [c]ourt finds that some of the statements that were made that the defendant had earlier notice that there was a generalized mention of threats; that the district attorney's filing these matters at 2:44 p.m. on Wednesday, May 14th instead of 12:00 noon on Wednesday, May 14th, 2003 did not prejudice the defendant. The motion to exclude the statements revealed, the motion's denied and [defendant's] exception is noted.
"The decision as to which sanctions to apply, or whether to apply any sanctions at all, rests within the trial court's discretion." State v. Carson, 320 N.C. 328, 335, 357 S.E.2d 662, 667 (1987). "The trial court may be reversed for an abuse of discretion in this regard only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." Id. Even if a prosecutor's actions constitute a discovery violation, a trial judge still retains broad discretion to determine if sanctions are appropriate; unless the trial judge abuses that discretion, the decision will not be reversed. State v. Nolen, 144 N.C. App. 172, 184, 550 S.E.2d 783, 791 (2001). The determination of appropriate sanctions for a discovery order violation is within the trial court's sound discretion. State v. Lopez, 101 N.C. App. 217, 220, 398 S.E.2d 886, 888 (1990).
A district attorney's failure to timely disclose evidence under this section does not automatically require the exclusion of the undisclosed evidence. "A variety of sanctions is authorized by [N.C.]G.S. § 15A-910, and the choice of which to apply - if any - rests entirely within the discretion of the trial judge [and] will not be reversed except for abuse of that discretion." State v. Stevens, 295 N.C. 21, 38, 243 S.E.2d 771, 781 (1978); See State v. Weeks, 322 N.C. 152, 367 S.E.2d 895 (1988) (trial court is not required to impose any sanctions for abuse of discovery orders; the question of what sanctions to impose, if any, is within the trial court's discretion, including whether to admit or exclude evidence not disclosed in accordance with a discovery order) (emphasis added).
When a party fails to comply with discovery procedures, the trial court may grant a continuance or a recess, prohibit the violating party from introducing the non-disclosed evidence, or enter any other appropriate order. N.C.G.S. § 15A-910 (2003). Here, the trial court did not abuse its discretion by denying defendant's motion. Where defendant knew of threats at an earlier time and where discovery was provided within three hours of the time required by statute, defendant can show no prejudice.
No error.
Judges TYSON and STEELMAN concur.
Report per Rule 30(e).

Initials used throughout to protect identity of child victim. N.C. R. App. P. 3(b)(2) (2003).