HUDSON, Judge.
On 15 October 2002, a jury convicted defendant of felonious breaking and entering, larceny, and possession of stolen goods. Defendant appeals the conviction, and for the reasons below, we find no error.
On the evening of 15 December 2001, someone broke into the Toney family home in Ellenboro, NC and stole several items. No one was home at the time of the break-in. Blank checks were among the items taken and the bank later called Mrs. Toney to inform her that some of the stolen checks had been used at local stores. Detective Phillip Bailey of the Rutherford County Sheriff's Department investigated the case. During the investigation, Detective Bailey developed information on April Hembree, defendant's girlfriend, and issued a warrant for her arrest. The detective also had information about defendant and wished to speak with him as well. The evidence tends to show that about four months after the break-in, April Hembree was apprehended and the arresting officer contacted Detective Bailey. Defendant was with Ms. Hembree and Detective Bailey asked defendant to come and speak with him and defendant agreed. When defendant arrived at the Sheriff's Department, Detective Bailey gave him Miranda warnings even though he was not in custody.
At trial, the detective testified that during their conversation, defendant confessed to the crime at the Toney home. The detective typed up the confession and allowed defendant to read it and defendant requested that the following statement be added: "Brian Travis Kimbrell states he takes full responsibility for the crime of anything April Renee Hembree has done." After this statement was added, defendant signed the confession. The confession detailed how defendant and Hembree had broken into the Toney home and what they had taken, and how after leaving the Toney home, defendant went with Hembree when she passed a stolen check at the Goody's store in Shelby. Detective Bailey also testified that he had a surveillance photo of defendant from the Goody's in Shelby which he had shown defendant during their interview. Defendant's confession was admitted into evidence at trial without objection.
Co-defendant Hembree also signed a confession after Detective Bailey interviewed her. Her statement, which was taken before defendant's, was consistent with defendant's description of the crime. At trial, Hembree testified for the defense. She claimed that she was solely responsible for the Toney break-in but that defendant was with her when she passed the stolen checks. When confronted by the State with her confession, which said that both she and defendant participated in the break-in, she said that she had not seen the statement before. Defendant did not offer any additional evidence aside from Hembree's testimony.
First, defendant contends that the trial court erred by allowing Detective Bailey's testimony regarding the surveillance photo of the defendant. Defendant maintains that his statutory discovery rights were violated, resulting in a Sixth Amendment confrontation clause violation. In his trial testimony, detective Bailey explained that while questioning defendant, he showed him a surveillance photograph taken at the Goody's store in Shelby, NC, where one of the stolen Toney checks was passed. The detective testified that defendant admitted the photo depicted him. The defense objected and, after the jury was excused, explained that the photograph had not been provided to them during discovery. The court asked whether a discovery order had been entered and defense counsel explained that one had not, that the defense relied on the district attorney's open file policy and the understanding that all discoverable material would be handed over to the defense. The prosecutor then explained that the photograph had not been turned over because it was not in the file.
Defendant argues that the photos were within the possession of the state and that N.C. Gen. Stat. § 15A-903 (a) (2001) required the State to turn over the photographs. The State argues that because there was no discovery order, it had no duty to provided is covery. We conclude that there was no error.
Our Supreme Court has held that even where the State failed to comply with statutory discovery and the trial court could have imposed sanctions, such a decision is within the discretion of the trial court and will only be reversed for abuse of discretion. State v. Carson, 320 N.C. 328, 336, 357 S.E.2d 662, 667 (1987). In Carson, the Court held that even though the State undertook to make voluntary discovery, once it responded to the voluntary discovery request, it was as if the State was under an order of the court. Id. Thus, the trial court could have invoked the sanctions of N.C.G.S. § 15A-910 when the State failed to produce a statement of a co-defendant to the defense. Id. However, because the court has the discretion to determine which, if any, sanctions to apply, the Court did not reverse the trial court, stating that even though it did "not approve" of the State's discovery violation, it could not say that the trial court's failure to impose sanctions was an abuse of discretion. Id at 337, 357 S.E.2d at 667.
It is well-established that reversal for abuse of discretion requires a showing that the trial court's ruling was so arbitrary that it could not have been the result of a reasoned decision. State v. Gladden, 315 N.C. 398, 412, 340 S.E.2d 673, 682 (1986). In the present case, the court questioned both defense counsel and the district attorney out of the presence of the jury about why the photograph had not been turned over to the defense. As the Court did in Carson, we decline to say that the trial court's failure to find discovery violations and impose sanctions was an abuse of discretion here. Further, in light of defendant's confession and the other evidence against him, we fail to see how any error here could have prejudiced defendant. Thus, we overrule this assignment of error.
Defendant also contends that the trial court committed plain error in failing to declare a mistrial after testimony that defendant and co-defendant were being investigated in five other similar crimes came in. We disagree. In support of this argument, defendant cites cases where the State's introduction of such evidence was plain error. These cases are in apposite as the State did not introduce the testimony regarding the other offenses here. The testimony at issue came from Detective Bailey during cross-examination by the defense. Defense counsel was seeking to establish that defendant only confessed in order to shield his girlfriend, Hembree, from prosecution.
The transcript reveals that just prior to the detective's mentioning the other crimes, the State asked to address the court outside the presence of the jury. The court responded that it only ruled on objections and allowed defense counsel to continue. Defense counsel did not object, but directed Bailey to respond, at which time he revealed his investigation of other crimes possibly involving defendant. The court then excused the jury from the room and asked the defense if they intended to raise this issue and if defense counsel had defendant's permission to bring in this information. Defense counsel responded that he did intend to bring it in, that they felt it was inevitable, and that he had his client's permission to bring it in. The court asked defendant directly if he wanted to pursue this strategy and he confirmed that his attorney had his permission to ask these questions. Defendant did not ask for a curative instruction until the court invited him to, at which time he requested it and the court instructed the jury to disregard detective Bailey's testimony regarding investigation of defendant's involvement in similar crimes.
Our Supreme Court has held that reference to an unrelated charge against a defendant was not grounds for a mistrial where the court cured any error by giving a curative instruction. State v. Thomas, 350 N.C. 315, 344, 514 S.E.2d 486, 503 (1999). Where the trial court instructs the jury to disregard a statement, the presumption is that it will disregard the testimony. State v. McCraw, 300 N.C. 610, 620, 268 S.E.2d 173, 179 (1980). If there is no indication that the jury did not disregard the statement, defendant is not entitled to a mistrial. State v. Marine, 135 N.C. App. 279, 285, 520 S.E.2d 65, 69 (1999). Here, as in Marine, there is no indication that the jury did not disregard the statement. The jury in defendant's trial indicated by a show of hands that they would follow the court's instructions. Furthermore, defendant asks us to review this issue for plain error. Reversal of the trial court is rarely warranted for plain error and "the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." State v. Odom, 307 N.C. 655, 661; 300 S.E.2d 375, 379 (1983) (internal citations omitted). Here, error, if any, would not constitute plain error in light of the curative instruction as well as the other evidence of defendant's guilt.
Defendant also assigns error to the trial court's failure to dismiss all charges against him. Defendant contends that direct and physical evidence was insufficient to support his conviction as a matter of law. We disagree. Defendant correctly asserts that the test for sufficiency of the evidence is whether there is substantial evidence of all of the elements of the offense charged such that a rational fact-finder could find beyond a reasonable doubt that the defendant committed the offense. State v. Thompson, 306 N.C. 526, 532, 294 S.E.2d 314, 318 (1982).
In considering a motion to dismiss for insufficiency of the evidence, the court must evaluate the evidence in the light most favorable to the State, giving the State all reasonable inferences from the evidence. State v. Robinson, 355 N.C. 320, 336, 561 S.E.2d 245, 256 (2002). Defendant contends that the only evidence here was the surveillance photo and the testimony of Detective Bailey, whose credibility the defense questions. However, defendant fails to mention that he confessed to the crimes of which he was convicted. Defendant further fails to mention that co-defendant Hembree also signed a confession which implicated him, and which was introduced to impeach Hembree after she gave testimony contradicting it. The sufficiency of the evidence standard requires, "that the State's evidence . . . [be] existing and real, not just seeming or imaginary . . . . [A]nything more than a scintilla of evidence is `substantial evidence.'" State v. Smith, 40 N.C. App. 72, 78, 252 S.E.2d 535, 529 (1979) (internal citations omitted). We conclude that the confessions of defendant and co-defendant, along with the other evidence presented by the State, constitute more than a "scintilla" of evidence. We conclude that the trial court properly denied defendant's motion to dismiss for insufficiency of the evidence.
No error.
Chief Judge MARTIN and Judge TIMMONS-GOODSON concur.
Report per Rule 30(e).