STATE OF NORTH CAROLINA
v.
JOHN HENRY HAITH.
No. COA08-236
Court of Appeals of North Carolina
Filed November 4, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Amanda P. Little, for the State.
Michael J. Reece for Defendant.
STEPHENS, Judge.
In this case, a jury found Defendant guilty of (1) possession with intent to sell or deliver cocaine and (2) selling cocaine. N.C. Gen. Stat. § 90-95(a)(1) (2007). Following the jury's verdict, Defendant pled guilty to having attained the status of an habitual felon. N.C. Gen. Stat. § 14-7.1 (2007). The trial court sentenced Defendant to a minimum of 121 months in prison. On appeal, Defendant argues he is entitled to a new trial on two grounds: (1) the trial court erroneously allowed the State's expert witness to testify that the substance Defendant possessed and sold was cocaine because the State violated North Carolina's discovery statutes; and (2) the trial court failed to intervene on its own motion during certain portions of the State's closing argument. After careful review, we conclude that there was no error in Defendant's trial.

FACTS
The State's evidence tended to show that Burlington Police Department officers arranged for a reliable informant to conduct a controlled buy of cocaine from Defendant. The buy took place on Daly Street in Burlington on 17 August 2006. The State's evidence included a videotaped recording of the buy and an expert's testimony that the substance Defendant sold to the informant was "cocaine base, 0.3 grams." After testifying that he had been convicted of at least three prior drug offenses since 1998 and that he had been released from prison in June 2005 after serving five- and-a-half years for one of those convictions, Defendant denied that he sold the informant cocaine and denied that he was the person shown selling cocaine on the videotape.

ANALYSIS
Initially, we note that the assignments of error set out in the record on appeal but not brought forward in Defendant's brief are deemed abandoned. N.C. R. App. P. 28(a).

State's Expert Witness
By his fourth assignment of error, Defendant argues that the trial court erred in allowing the expert witness to testify that the substance Defendant sold to the informant was cocaine. Defendant asserts that the trial court should have prevented the expert from testifying because the State did not comply with North Carolina's discovery statutes. Specifically, Defendant contends that, pursuant to N.C. Gen. Stat. § 15A-903(a)(2), the State was required to provide Defendant with "actual notice" of the expert's identity and with a copy of the expert's curriculum vitae. Defendant does not dispute that the entire contents of the State's file, which contained the expert's name and curriculum vitae, were available for Defendant's review at least six months before trial.
"There is no general constitutional or common law right to discovery in criminal cases." State v. Haselden, 357 N.C. 1, 12, 577 S.E.2d 594, 602 (citations omitted), cert. denied, 540 U.S. 988, 157 L. Ed. 2d 382 (2003). Rather, a defendant's right to discovery is statutory. State v. Cook, 362 N.C. 285, 661 S.E.2d 874 (2008). "The discovery process for criminal cases within the original jurisdiction of our superior courts is governed by Article 48 of Chapter 15A of the North Carolina General Statutes." Id. at 290, 661 S.E.2d at 877 (citing N.C. Gen. Stat. § 15A-901 (2007)). "A major purpose of the discovery procedures of Chapter 15A is `to protect the defendant from unfair surprise.'" State v. Taylor, 332 N.C. 372, 384, 420 S.E.2d 414, 421 (1992) (quoting State v. Alston, 307 N.C. 321, 331, 298 S.E.2d 631, 639 (1983)).
"Determining whether the State failed to comply with discovery is a decision left to the sound discretion of the trial court." State v. Jackson, 340 N.C. 301, 317, 457 S.E.2d 862, 872 (1995) (citing State v. McClintick, 315 N.C. 649, 340 S.E.2d 41 (1986)). "The trial court may be reversed for an abuse of discretion in this regard only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." State v. Carson, 320 N.C. 328, 336, 357 S.E.2d 662, 667 (1987) (quotation marks and citation omitted). "When the defendant does not inform the trial court of any potential unfair surprise, the defendant cannot properly contend that the trial court's failure to impose sanctions is an abuse of discretion." Taylor, 332 N.C. at 384, 420 S.E.2d at 421 (citing Alston, 307 N.C. at 331, 298 S.E.2d at 639).
In this case, Defendant filed a written notice of request for voluntary discovery on 22 November 2006. N.C. Gen. Stat. § 15A-902(a) (2007). Defendant acknowledged at trial that although he specifically requested certain "documents, records, and papers" in the notice of request, he did not specifically request the names or curricula vitae of the State's expert witnesses. As stated previously, Defendant did not dispute the State's assertions that the entire contents of the State's file were available to Defendant beginning not later than April 2007, six months before trial, or that the expert's name and curriculum vitae were included in the file. Furthermore, Defendant acknowledged that he never sought a motion from the court compelling discovery. N.C. Gen. Stat. § 15A-903 (2007). Accordingly, we conclude that the State complied with our discovery statutes. The State provided Defendant with all of the information listed in Defendant's written notice.
Even assuming, however, that the State was under an affirmative duty to provide the expert's name and curriculum vitae to Defendant prior to trial, Defendant never informed the trial court that the State's failure to provide actual notice created an unfair surprise. Thus, even if the State violated the discovery statute, Defendant "cannot properly contend that the trial court's failure to impose sanctions is an abuse of discretion." Taylor, 332 N.C. at 384, 420 S.E.2d at 421 (citation omitted). This assignment of error is overruled.

State's Closing Argument
By his second assignment of error, Defendant argues that he is entitled to a new trial because the trial court did not intervene ex mero motu during the following portions of the State's closing argument:
[I]n this case, we send in somebody to target [Defendant] and target, I'm going to stand here and proudly say is a good word, because you want to target the people who will mess up your community. You want to target people who are out to destroy the lives of innocent people in that neighborhood.
. . . .
The people of Daly Street deserve better than John Haith on their street corner, on their curb. And the Burlington Police Department in response to those complaints did something about it. You target bad people, and you take bad people off the street. They did it. They brought that bad person into this courtroom. I've given all of the evidence that is here, I've given you all of the evidence that you need to take the next step.
. . . .
[Y]our voice will speak volumes, and it will speak the everlasting truth, and it will speak out of these doors. It will resonate down through the streets of Burlington, and your voice will resonate down to Daly Street, and you will have a palpable say in making a difference.
And you watch TV at night in the comfort of your own home in a nice neighborhood or a neighborhood that's not infested, and you read the paper and watch TV, and you say drug problem's out of control. Somebody ought to do something. Now is your time to do something. You can let it happen or you can let him walk.
I'm asking that you give the Judge the opportunity to hold him accountable.
Defendant asserts that this argument impermissibly called upon the jury to "lend an ear" to the community and that the prosecutor improperly engaged in name-calling by referring to Defendant as a "bad person[.]" Defendant did not raise these objections at trial.
"As a general rule, counsel possess wide latitude `to argue the facts which have been presented, as well as reasonable inferences that may be drawn therefrom.'" State v. Nicholson, 355 N.C. 1, 42, 558 S.E.2d 109, 137 (quoting State v. Williams, 317 N.C. 474, 481, 346 S.E.2d 405, 410 (1986)), cert. denied, 537 U.S. 845, 154 L. Ed. 2d 71 (2002). "'Whether counsel abuses this privilege is a matter ordinarily left to the sound discretion of the trial judge . . . .'" State v. McNeil, 350 N.C. 657, 685, 518 S.E.2d 486, 503 (1999) (quoting State v. Covington, 290 N.C. 313, 328, 226 S.E.2d 629, 640 (1976)), cert. denied, 529 U.S. 1024, 146 L. Ed. 2d 321 (2000).
The standard of review for assessing alleged improper closing arguments that fail to provoke timely objection from opposing counsel is whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene ex mero motu. State v. Trull, 349 N.C. 428, 451, 509 S.E.2d 178, 193 (1998), cert. denied, 528 U.S. 835, 145 L. Ed. 2d 80 (1999). In other words, the reviewing court must determine whether the argument in question strayed far enough from the parameters of propriety that the trial court, in order to protect the rights of the parties and the sanctity of the proceedings, should have intervened on its own accord and: (1) precluded other similar remarks from the offending attorney; and/or (2) instructed the jury to disregard the improper comments already made.
State v. Jones, 355 N.C. 117, 133, 558 S.E.2d 97, 107 (2002).
Our Supreme Court has "long held that arguments are to be evaluated in context." State v. Larrimore, 340 N.C. 119, 160, 456 S.E.2d 789, 811 (1995) (citations omitted). While "[t]he State must not ask the jury `to lend an ear to the community rather than a voice,'" McNeil, 350 N.C. at 687, 518 S.E.2d at 505 (quoting State v. Scott, 314 N.C. 309, 312, 333 S.E.2d 296, 298 (1985)) (internal quotation marks omitted), "[i]t is not . . . improper to remind the jurors that `they are the voice and conscience of the community.'" Id. at 687-88, 518 S.E.2d at 505 (quoting State v. Brown, 320 N.C. 179, 204, 358 S.E.2d 1, 18 (1987)). "Permitting the jury to act as the voice and conscience of the community is required because the very reason for the jury system is to temper the harshness of the law with the `commonsense judgment of the community.'" Scott, 314 N.C. at 311-12, 333 S.E.2d at 298 (quoting Taylor v. Louisiana, 419 U.S. 522, 530, 42 L. Ed. 2d 690, 698 (1975)).
Employing these standards and considering the prosecutor's remarks in the context of the entire argument, we first hold that the prosecutor's argument did not invite the jury to "lend an ear" to the community. Rather, the prosecutor, as permitted, advised the jurors that they were the "voice" of the community. Defendant cites no authority which supports a contrary holding. Second, we hold that the State's lone reference to Defendant as a "bad" person did not stray far enough from the parameters of propriety that the trial court should have intervened on its own accord. While we do not approve of the prosecutor's choice of language, we do not believe that the prosecutor's remarks "'so infected the trial with unfairness that they rendered the conviction fundamentally unfair.'" State v. Anthony, 354 N.C. 372, 427-28, 555 S.E.2d 557, 592 (2001) (quoting State v. Davis, 349 N.C. 1, 23, 506 S.E.2d 455, 467 (1998), cert. denied, 526 U.S. 1161, 144 L. Ed. 2d 219 (1999)). The trial court did not abuse its discretion by failing to intervene ex mero motu, and Defendant's assignment of error is overruled.
NO ERROR.
Chief Judge MARTIN and Judge McGEE concur.
Report per Rule 30(e).